Praveen K. Khurana
108 S. Jefferson Street, Apt. 307
Spokane, WA 99201
208-413-0165
Matman00us@yahoo.com

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
APR 23 2026
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

PRAVEEN K. KHURANA,

Plaintiff,

v. Case No.: 2:26-cv-00187-TOR

LINCOLN NATIONAL LIFE INSURANCE COMPANY,
d/b/a LINCOLN FINANCIAL GROUP,

Defendant.

## COMPLAINT FOR BENEFITS UNDER ERISA

(29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3))

### I. NATURE OF THE ACTION

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long-term disability ("LTD") benefits due under an employee benefit plan, to enforce rights under the terms of the plan, to clarify rights to future benefits, and to obtain equitable relief for Defendant's procedural violations and breach of fiduciary duties.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 29 U.S.C. § 1132(e)(2) because Plaintiff resides in Spokane, Washington, and the alleged breach occurred in this district.

## III. PARTIES

4. Plaintiff PRAVEEN K. KHURANA is an individual residing in Spokane, Washington, and is a participant and/or beneficiary under an employee welfare benefit plan governed by ERISA.

5. Defendant LINCOLN NATIONAL LIFE INSURANCE COMPANY, doing business as Lincoln Financial Group ("Lincoln"), is an insurance company and claims administrator that issued and/or administered the group long-term disability policy at issue and is responsible for determining eligibility for benefits and paying benefits thereunder.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff was employed by Ryder Transportation Solutions, LLC and was covered under a group long-term disability plan insured and/or administered by Defendant.

7. Plaintiff became disabled on or about October 28, 2023, due to serious medical conditions including cardiovascular disease, diabetes, syncope, arrhythmia, and related impairments.

8. Plaintiff attempted to continue working following the onset of disability but was unable to sustain employment due to these impairments. Plaintiff's post-onset work constituted a failed work attempt and did not reflect the ability to perform sustained gainful employment.

9. Plaintiff was subsequently terminated following an inability to perform job duties due to medical limitations.

10. The Social Security Administration issued a fully favorable disability determination finding Plaintiff disabled as of October 28, 2023, and unable to sustain work activity.

11. On or about December 18, 2025, Plaintiff submitted a written claim for long-term disability benefits to Defendant, including a sworn declaration and supporting documentation.

12. Plaintiff's submission clearly identified Plaintiff, the plan, the nature of the disability, and constituted a request for LTD benefits under the plan.

13. Despite receiving Plaintiff's claim, Defendant failed to acknowledge the claim, failed to request additional information, failed to provide any written notice, and failed to render any decision within the time required under ERISA.

14. Defendant did not issue any written extension of time or explanation for delay as required under ERISA regulations.

15. Defendant has neither approved nor denied Plaintiff's claim for LTD benefits.

16. Defendant's complete failure to act constitutes a denial of benefits and a failure to provide a full and fair review as required under ERISA.

17. Defendant failed to establish or follow reasonable claims procedures consistent with 29 C.F.R. § 2560.503-1.

18. As a result, Plaintiff has been deprived of benefits due under the terms of the plan and has exhausted administrative remedies or is deemed to have exhausted them.

**V. CLAIM FOR RELIEF**

COUNT I – RECOVERY OF BENEFITS

(ERISA § 502(a)(1)(B))

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the terms of the plan, enforce rights under the plan, and clarify rights to future benefits.

21. Defendant's failure to pay LTD benefits due to Plaintiff was wrongful and in violation of ERISA.

22. Plaintiff is entitled to past-due benefits and reinstatement of ongoing LTD benefits.

COUNT II – EQUITABLE RELIEF / BREACH OF FIDUCIARY DUTY

(ERISA § 502(a)(3))

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. Defendant is a fiduciary under ERISA.

25. Defendant breached its fiduciary duties by failing to:

a. Provide a full and fair review of Plaintiff's claim;

b. Respond to Plaintiff's claim within required timeframes;

c. Follow reasonable claims procedures;

d. Engage in a reasoned and principled decision-making process.

26. As a result, Plaintiff is entitled to appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including remand, injunctive relief, and other appropriate relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award Plaintiff all long-term disability benefits due under the plan;

B. Order reinstatement and payment of ongoing monthly LTD benefits;

C. Award prejudgment interest on all past-due benefits;

D. Award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

E. In the alternative, remand the claim to Defendant for a full and fair review consistent with ERISA;

F. Grant such other and further relief as the Court deems just and proper.

DATED this 23rd day of APRIL, 2026.

______________________________

PRAVEEN K. KHURANA, Plaintiff, Pro Se