Andrew Schpak, Oregon Bar No. 044080
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212
Email: aschpak@barran.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PRAVEEN K. KHURANA<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, d/b/a LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No. 2:26-cv-00187-TOR<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant The Lincoln National Life Insurance Company d/b/a Lincoln Financial Group ("Lincoln"), by and through its counsel of record, answers the Complaint filed by Plaintiff Praveen K. Khurana, as follows. Except as expressly admitted, Lincoln denies the allegations of Plaintiff's Complaint.

## I. NATURE OF THE ACTION

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits that by this action, Plaintiff is



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

seeking recovery of disability benefits, along with certain other remedies, from the Ryder System, Inc. Long Term Disability Plan ("the LTD Plan") sponsored by Ryder System, Inc. ("Ryder"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it issued Group Disability Income Policy numbered GF3-850-290449-01 (the "Policy") to Ryder, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Ryder to provide certain benefits to participating, eligible employees of Ryder. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 1 of the Complaint.

## II. JURISDICTION AND VENUE

2. Lincoln admits that Plaintiff's claims are governed by ERISA and that this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue is proper in this Court. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 3 of the Complaint.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## III. PARTIES

4. Lincoln admits that Plaintiff was, at certain times, employed by Ryder and a participant in the LTD Plan. Lincoln further admits that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates. Lincoln admits that it issued the Policy to Ryder and that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 5 of the Complaint.

## IV. FACTUAL ALLEGATIONS

6. Lincoln admits that Plaintiff was, at certain times, employed by Ryder and a participant in the LTD Plan. Lincoln admits that it issued the Policy to Ryder and that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 6 of the Complaint.



**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

7. Lincoln admits Plaintiff's last day at work at Ryder was April 12, 2024. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Plaintiff's last day at work at Ryder was April 12, 2024. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff's last day at work at Ryder was April 12, 2024. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that it sent a letter dated June 10, 2024, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 13 of the Complaint.

/ / /



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

14. Lincoln admits that it sent a letter dated June 10, 2024, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it sent a letter dated June 10, 2024, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it sent a letter dated June 10, 2024, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies the allegations contained in Paragraph 18 of the Complaint.

## V. CLAIM FOR RELIEF

COUNT I – RECOVERY OF BENEFITS (ERISA § 502(a)(1)(B))

19. Lincoln incorporates its responses to Paragraphs 1-18 by reference as if fully set forth herein.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

20. To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that by this action, Plaintiff is seeking certain remedies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies the allegations contained in Paragraph 22 of the Complaint.

COUNT II – EQUITABLE RELIEF/BREACH OF FIDUCIARY DUTY

(ERISA §502(a)(3))

23. Lincoln incorporates its responses to Paragraphs 1-22 by reference as if fully set forth herein.

24. To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

Lincoln denies that Plaintiff is entitled to the relief requested in Prayer of the Complaint, including Paragraphs A through F thereunder.

Lincoln denies all allegations contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

4. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was arbitrary and capricious because the relevant Policy and plan documents contain sufficient discretionary language.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits Plaintiff receives or is eligible to receive,



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

including any disability benefits Plaintiff or Plaintiff's dependents receive or are eligible to receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

6. Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

7. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for benefits from the LTD Plan under the Policy, in that Plaintiff did not submit a timely appeal of the denial of such claim, as required by the terms of Policy, and as stated in Lincoln's June 10, 2024, letter to the attorney representing Plaintiff at the time.

8. To the extent that Plaintiff raises a claim for breach of fiduciary duty or equitable relief under 29 U.S.C. § 1132(a)(3) against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA under 29 U.S.C. § 1132(a)(1)(B).

9. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and having pleaded its affirmative defenses, Lincoln prays for the following relief:

1. That Plaintiff take nothing by this Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;
4. That Lincoln be awarded its attorneys' fees, costs of suits and expenses incurred herein; and
5. For such other and further relief as the Court deems just and equitable.

DATED this 18th day of May, 2026.

BARRAN LIEBMAN LLP

By *s/Andrew Schpak*
Andrew Schpak, Oregon Bar No. 044080
Attorneys for Defendant

– AND –

Iwana Rademaekers, Texas Bar #16452560
Motion *Pro Hac Vice* forthcoming
Law Offices of Iwana Rademaekers, P.C.
Attorneys for Defendant
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**CERTIFICATE OF SERICE**

I hereby certify that on May 18, 2026, I served the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES on the following party:

Praveen K. Khurana
PO Box 19519
Spokane, WA 99216

PRO SE

by the following indicated method(s) set forth below:

☑ **Electronic filing using the court's ECF System**

☐ **Facsimile**

☑ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Electronic Mail**

s/*Andrew M. Schpak*
Andrew M. Schpak



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212