Honorable Thomas O. Rice

**Iwana Rademaekers, Texas Bar No. 16452560**
(Admitted Pro Hac Vice)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**Andrew Schpak, WSBA#39901**
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212
Email: ASchpak@barran.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PRAVEEN K. KHURANA<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, d/b/a LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No. 2:26-cv-00187-TOR<br><br>**JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING** |

Plaintiff, Praveen K. Khurana, and Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby respectfully submit the following Joint Status Report pursuant to Rule 26(f).



Scanned with CamScanner

1. Results of the FRCP 26(f) conference.

The parties held the FRCP 26(f) conference during the week of June 22, 2026, and discussed the nature of their claims and defenses and the possibility of settlement in this case.

2. The parties have conferred with respect to the following subjects:

a. Jurisdiction and Venue.

There are no issues of jurisdiction or venue presented in case.

b. Service of Process.

There are no issues of service presented in case.

c. A brief description of the claims and defenses.

This is a non-complex case wherein Plaintiff is seeking recovery of long term disability benefits from the Ryder System, Inc. Long Term Disability Plan. Lincoln denies Plaintiff is entitled to any such relief or recovery. The Parties agree that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

d. Constitutionality.

The constitutionality of this case is not being challenged.

e. Issues to be certified to a state supreme court.

None.

f. Suggested deadline for adding additional parties, amending the pleadings, and seeking class certification.

The Parties do not anticipate adding parties or amending pleadings and the Parties do not seek class certification.

g. Rule 7.1 Disclosure.

All non-government corporate parties have filed the necessary ownership statement pursuant to Fed. R. Civ. P. 7.1.



LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Scanned with CamScanner

h. Guardian ad litem appointment.

This case does not involve a minor or incompetent party and the appointment of a guardian ad litem is not necessary.

i. Proposed Discovery Plan.

1) The parties will serve Initial Disclosures under Fed. R. Civ. P. 26(a)(1) by July 7, 2026.

2) Subjects on which discovery may be needed.

By Plaintiff:

Plaintiff contends he submitted a subsequent LTD claim on December 18, 2025, by both electronic mail and United States Mail, possesses contemporaneous email transmission records reflecting that submission, and seeks discovery concerning the receipt, review, processing, handling, disposition, and any claim records relating to that submission. Plaintiff reserves the right to seek supplementation of the record and/or limited discovery concerning:

1. Receipt of Plaintiff's December 18, 2025, claim submissions;
2. Lincoln's handling, processing, review, and disposition of those submissions;
3. Internal claim notes, claim logs, electronic records, email records, and communications relating to those submissions;
4. Lincoln's consideration of Plaintiff's October 21, 2025 fully favorable Social Security disability determination and supporting evidence;
5. Any decision to reject, close, disregard, return, or otherwise decline to process the December 18, 2025, claim.

By Lincoln:



LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

It is Lincoln's position that because Plaintiff's claim is for ERISA plan benefits, where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents. As such, discovery on Plaintiff's claim beyond these categories of evidence should only permitted upon a showing of good cause, and then should be narrowly tailored to the issues for which good cause is shown.

3) There are no unresolved issues at this time pertaining to the preservation of discoverable information, including electronically store information.

4) There are no unresolved issues at this time pertaining to claims of privilege, protection of confidentiality, and proposed confidentiality agreements.

5) The parties don't believe anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

6) The Parties do not propose any modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15).

7) Expert Disclosure Deadline: not applicable in this case.

8) The Parties propose a Discovery Cutoff of **August 26, 2026**.

j. Anticipated Motions and Dispositive Motions.

No motions are anticipated at this time other than dispositive motions. As trials are uncommon in ERISA benefit claims, the Parties agree that this case



LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

should be decided on the administrative record as determined by the Parties and the Court, if necessary, and cross motions for judgement to be filed by the parties, pursuant to the following proposed deadlines:

**Lincoln Serves Administrative Record: July 7, 2026**

| | |
|---|---|
| **Plaintiff Objects to or Files Motion to Supplement Administrative Record:** | **July 31, 2026** |
| **File Administrative Record:** | **October 8, 2026.** |
| **Cross Motions for Judgment:** | **November 5, 2026 (up to 25 pages)** |
| **Responses:** | **December 3, 2026 (up to 15 pages)** |
| **Replies:** | **December 17, 2026 (up to 5 pages)** |

k. Trial:

The Parties agree that a jury trial is not permitted in this civil action under ERISA. Further, trials are uncommon in ERISA benefit claims, and the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. As such, the Parties agree that pretrial statements and orders should be dispensed with in whole and that the more appropriate vehicle for deciding an ERISA benefits case is by a Rule 52 Motion for Judgment on the Administrative Record. Therefore, the Parties request the Court enter an order adopting the briefing deadlines in item j above.

l. Settlement and Dispute Resolution.

The parties have not yet begun informal settlement negotiations. Should it be needed, the parties agree to mediate in-person with a mutually agreeable mediator.

m. Other Matters.



LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Scanned with CamScanner

Plaintiff disputes the completeness of the administrative record and reserves the right to seek supplementation of the record and/or limited discovery concerning the December 18, 2025, claim submission, including Lincoln's receipt and consideration of Plaintiff's October 21, 2025, fully favorable Social Security disability determination and supporting materials.

Lincoln disputes that documentation regarding the Social Security disability determination that was not before Lincoln prior to its decision on Plaintiff's claim would be part of the administrative record. Lincoln asserts that the December 18, 2025, claim submission, if any, would be a duplicate claim and not a new claim for benefits. Lincoln also asserts that Plaintiff failed to exhaust required administrative remedies prior to filing this action, as Plaintiff did not submit an appeal of Lincoln's June 10, 2024, denial of his claim for LTD benefits, and the deadline for submitting an appeal expired more than 18 months ago.

DATED this 25th day of June 2026.

Praveen K. Khurana
108 S. Jefferson St., Apt. 307
Spokane, WA 99201
Email: matman00us@yahoo.com

Plaintiff, *Pro Se*

AND



LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By *s/ Iwana Rademaekers*
Iwana Rademaekers, Texas Bar #16452560
Admitted *Pro Hac Vice*
iwana@rademaekerslaw.com

- AND -

BARRAN LIEBMAN LLP

By *s/ Andrew Schpak*
Andrew Schpak, WSBA#39901
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

Attorneys for Defendant The Lincoln National Life Insurance Company



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Scanned with CamScanner

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System.

I further certify that on this date I served the foregoing on the following party via Electronic Mail:

Praveen K. Khurana
108 S. Jefferson St., Apt. 307
Spokane, WA 99201
Email: matman00us@yahoo.com
PRO SE

Dated this 16th day of July 2026, at Dallas, Texas.

*s/ Iwana Rademaekers*
Iwana Rademaekers



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Scanned with CamScanner