FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 03 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**Praveen K. Khurana**
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165,
matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**
Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Defendant.

**Case No. 2:26-CV-00187-TOR**

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Praveen K. Khurana submits the following Statement of Material Facts, each supported by citations to the Administrative Record ("AR") or, where noted, by materials submitted separately in support of this Motion.

### I. Plaintiff's Employment and Plan Coverage

1. Plaintiff was employed by Ryder System, Inc. beginning on April 19, 2023.
2. Plaintiff participated in the Ryder System, Inc. Group Long Term Disability Plan administered by Defendant The Lincoln National Life Insurance Company.
3. Plaintiff was enrolled in **Class 07 – Buy Up Option 2** coverage.

4. The Plan provides a monthly Long-Term Disability benefit equal to **60% of Basic Monthly Earnings**, subject to the Plan's terms and limitations.
5. The Plan provides a **180-day Elimination Period** applicable to Plaintiff's class of coverage.

## II. Relevant Plan Provisions

6. During the Elimination Period and the first twenty-four months thereafter, the Plan defines disability based upon the insured's inability to perform the material and substantial duties of his Own Occupation because of sickness or injury.
7. After twenty-four months, the Plan applies an Any Occupation definition of disability.
8. The Plan provides:

"For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage."

9. The Plan further provides that coverage may continue during the Elimination Period for an employee absent due to disability, subject to the Plan's terms.

## III. Lincoln's Claim Determination

10. Lincoln opened LTD Claim No. **15775111**.
11. Lincoln's claim records identify Plaintiff's last day worked as **April 12, 2024.**
12. Lincoln's claim records identify Plaintiff's disability date as **April 13, 2024.**
13. Lincoln denied Plaintiff's LTD claim. The claim cover sheet lists the claim status as "Denied" and the status reason as "Contractual Denial/Other."

14. Lincoln's internal claim notes dated June 7, 2024 state that Ryder confirmed Plaintiff's employment ended on April 12, 2024 and recommend denial because Plaintiff was "terminated prior to DOD."

15. Lincoln's records reflect that a denial letter was issued on June 10, 2024.

## IV. Administrative Proceedings

16. On August 26, 2024, Lincoln received correspondence from Tucker Disability Law requesting Plaintiffs claim file.

17. Lincoln transmitted the requested claim file to Plaintiff's attorney on August 26, 2024.

18. The Administrative Record includes a document entitled **"Notice of Intent to Appeal & Request for Documents,"** dated August 26, 2024.

19. The Administrative Record also contains Plaintiffs December 2025 submission requesting reconsideration and asserting that his disability began on October 28, 2023.

20. Lincoln's internal claim notes dated December 23, 2025 reflect receipt of Plaintiff's submission.

## V. Social Security Administrative Decision

21. The Administrative Record contains the Social Security Administration's Fully Favorable Decision dated October 21, 2025.

22. The Social Security decision states that Plaintiff alleged disability beginning October 28, 2023.

23. The Administrative Law Judge determined that Plaintiff has been disabled since October 28, 2023.

## VI. Benefit Calculation

24. During this litigation, Plaintiff requested documents reflecting Lincoln's calculation of Plaintiff's Basic Monthly Earnings, monthly LTD benefit, benefit worksheets, and applicable offsets.
25. Defense counsel advised Plaintiff that Lincoln did not perform a benefit calculation because the claim was denied before reaching that stage. *(Supported by Plaintiff's declaration and attached correspondence, not the Administrative Record.)*

## VII. Prior STD Litigation

26. Plaintiff previously litigated a dispute concerning his Short-Term Disability claim.
27. That litigation concluded through an executed Settlement Agreement providing for payment of **$10,000** to Plaintiff.
28. The Settlement Agreement expressly excludes claims relating to Long-Term Disability benefits and ERISA claims from the scope of the release.

**DATED:** 3rd August, 2026

Respectfully submitted,

**PRAVEEN K. KHURANA**
Plaintiff, Pro Se