FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 03 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206

(208) 413-0165,

matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**

Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

Defendant.

Case No. 2:26-cv-00187-TOR

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Praveen K. Khurana
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206

(208) 413-0165,

matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**

Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

Defendant.

Case No. **2:26-cv-00187-TOR**

---

# CONTROLLING ERISA AUTHORITIES

---

## I. STATUTORY AUTHORITIES

### 29 U.S.C. § 1132(a)(1)(B)

"A civil action may be brought by a participant or beneficiary—

**to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."**

---

**29 U.S.C. § 1104(a)(1)(D)**

A fiduciary shall discharge its duties

**"in accordance with the documents and instruments governing the plan."**

---

**29 U.S.C. § 1133**

Every employee benefit plan shall

provide adequate notice of benefit denials and

afford claimants

**"a full and fair review."**

---

## II. SUPREME COURT AUTHORITIES

**Firestone Tire & Rubber Co. v. Bruch**

489 U.S. 101 (1989)

### Holding

De novo review applies unless the ERISA plan grants discretionary authority to the administrator.

---

**Metropolitan Life Insurance Co. v. Glenn**

554 U.S. 105 (2008)

## Holding

When the same entity both decides claims and pays benefits, that dual role creates a structural conflict of interest that must be considered as one factor in judicial review.

---

**US Airways, Inc. v. McCutchen**

569 U.S. 88 (2013)

## Holding

ERISA plans are enforced according to their written terms.

---

**Celotex Corp. v. Catrett**

477 U.S. 317 (1986)

### Holding

Summary judgment is appropriate where no genuine dispute of material fact exists.

---

**Anderson v. Liberty Lobby, Inc.**

477 U.S. 242 (1986)

### Holding

Only disputes concerning material facts preclude summary judgment.

---

## III. NINTH CIRCUIT AUTHORITIES

**Abatie v. Alta Health & Life Insurance Co.**

458 F.3d 955 (9th Cir. 2006) (en banc)

### Principle

Even under abuse-of-discretion review, courts evaluate procedural irregularities and conflicts of interest.

---

**Montour v. Hartford Life & Accident Insurance Co.**

588 F.3d 623 (9th Cir. 2009)

## Principle

The weight given to structural conflict depends upon the facts reflected in the Administrative Record.

---

**Saffon v. Wells Fargo & Co. Long Term Disability Plan**

522 F.3d 863 (9th Cir. 2008)

## Principle

ERISA requires a meaningful, full and fair review.

---

**Grosz-Salomon v. Paul Revere Life Insurance Co.**

237 F.3d 1154 (9th Cir. 2001)

## Principle

Remand is appropriate where further administrative proceedings are necessary.

## IV. POLICY LANGUAGE

The governing Policy provides:

**"For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage."**

The Policy further grants Lincoln discretionary authority to determine benefit eligibility.

## V. CENTRAL ADMINISTRATIVE RECORD FINDINGS

The Administrative Record reflects that:

- Plaintiff's Last Day Worked was **April 12, 2024**.
- Lincoln selected **April 13, 2024** as Plaintiff's Disability Date.
- Lincoln recommended denial because Plaintiff was: **"terminated prior to DOD."**

## VI. QUESTION PRESENTED

The Court must determine whether Lincoln correctly applied the written terms of the Policy when it selected April 13, 2024 as Plaintiff's Disability Date and denied Long-Term Disability benefits.

**TABLE OF CONTENTS PLAINTIFF'S MEMORANDUM FOR SUMMARY JUDGEMENT**


I. Introduction............................................1

II. Jurisdiction and Venue..............................3

III. Relevant Policy Provisions.........................4

IV. Standard of Review................................7

V. Argument................................................9

VI. Remedy..................................................18

VII. Conclusion...........................................20

## I. INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and seeks judicial review of Defendant the Lincoln National Life Insurance Company's ("Lincoln") denial of Plaintiff Praveen K. Khurana's claim for Long-Term Disability ("LTD") benefits under the Ryder System, Inc. Group Long-Term Disability Policy.

The material facts giving rise to this dispute are largely undisputed. Plaintiff became employed by Ryder System, Inc. on April 19, 2023, and became insured for Long-Term Disability coverage effective May 19, 2023, under Lincoln's Group Disability Income Policy. Plaintiff elected **Class 7 (Buy-Up Option 2)** coverage, which provides a monthly disability benefit equal to sixty percent of Basic Monthly Earnings following a 180-day Elimination Period and applies a 24-month Own Occupation definition of disability.

The Policy provides that Lincoln will pay disability benefits when it receives proof that a covered person is disabled due to injury or sickness, provided that the disability begins while the employee is insured under the Policy. Specifically, the Policy states: "For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage." Lincoln received Plaintiff's LTD claim on May 23, 2024 (AR Lincoln/Khurana 052.) and opened Claim No. 15775111. Lincoln's own claim cover sheet identifies Plaintiff's Last Day Worked as **April 12, 2024**, Plaintiff's Disability Date ("DOD") as **April 13, 2024**, and classifies the claim as **Denied** with the stated reason **"Contractual Denial/Other."**

The Administrative Record demonstrates that Lincoln denied Plaintiff's claim because it concluded that Plaintiff's disability began after his insurance coverage terminated. Lincoln's contemporaneous claim notes state: "64 YOM, Occupation: Driver, LDW: 4/12/24, DOD: 4/13/24 ... ER confirmed that EE LDW 4/12/24 and was terminated as of that day. Recommending denial for termination of coverage due to being terminated prior to DOD." **(AR Lincoln/Khurana 054.)**

Later that same day, Lincoln's manager approved the recommendation **no medically approved opinion (AR Lincoln/Khurana 052–055)** after reviewing the claim file and denial letter. Accordingly, the dispositive issue before this Court is not whether Plaintiff was employed on April 13, 2024. Rather, the dispositive issue is whether the Administrative Record supports Lincoln's determination that Plaintiff's disability **began** on April 13, 2024, as opposed to the disability onset date consistently asserted by Plaintiff during the administrative process.

Throughout the administrative proceedings, Plaintiff maintained that he became disabled on **October 28, 2023, (AR Lincoln/Khurana 061–066)** while he remained actively employed and insured under the Policy. The Administrative Record reflects Plaintiff's continued assertion of that onset date and Lincoln's receipt of Plaintiff's later submissions regarding that issue. **(AR Lincoln/Khurana 053, 056–066.)**

Because this action seeks benefits under 29 U.S.C. § 1132(a)(1)(B), judicial review is confined primarily to the Administrative Record. The Court's task is therefore to determine whether Lincoln correctly applied the written terms of the Policy to the evidence that was before it when it denied Plaintiff's claim.

The Policy distinguishes between **employment status** and **disability status**. Nothing in the Policy provides that an employee automatically becomes disabled on the date employment ends. Instead, the Policy requires Lincoln to determine when disability actually began based upon the medical and vocational evidence contained in the Administrative Record.

Plaintiff respectfully submits that Lincoln's own Administrative Record demonstrates that the denial rested upon its selection of April 13, 2024, as the Disability Date rather than upon a reasoned evaluation of whether Plaintiff became disabled while insured under the Policy. Because the Administrative Record does not adequately support Lincoln's determination of the Disability Date under the governing Policy provisions, Plaintiff is entitled to judgment as a matter of law or, alternatively, remand for a full and fair review consistent with ERISA.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001 *et seq.*

Plaintiff brings this action under 29 U.S.C. § 1132(a)(1)(B) to recover Long-Term Disability benefits allegedly due under the terms of the Ryder System, Inc. Group Long-Term Disability Policy, to enforce his rights under the Policy, and to clarify his entitlement to future benefits.

Jurisdiction is proper under 29 U.S.C. § 1132(e)(1), and venue is proper in the Eastern District of Washington pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiff resides in this District and the alleged denial of benefits caused injury within this District.

The Policy identifies Ryder System, Inc. as the Policyholder and Defendant - the Lincoln National Life Insurance Company as the insurer and claims administrator responsible for adjudicating Plaintiff's claim for Long-Term Disability benefits

## III. RELEVANT POLICY PROVISIONS

Resolution of this dispute turns upon the written terms of the Long-Term Disability Policy and Lincoln's application of those terms to the Administrative Record.

ERISA requires fiduciaries to administer employee benefit plans in accordance with the governing plan documents. See 29 U.S.C. § 1104(a)(1)(D). Accordingly, the Policy language controls the parties' rights and obligations.

### A. Plaintiff's Coverage

Plaintiff became insured for Long-Term Disability coverage effective May 19, 2023. **(AR Lincoln/Khurana 052.)** The Policy identifies Plaintiff's coverage as **Class 07 – Buy-Up Option 2, (Policy AR Lincoln/Khurana 003–005)** providing a monthly disability benefit equal to sixty percent (60%) of Basic Monthly Earnings following satisfaction of a 180-day Elimination Period. The Policy further provides that the Own Occupation definition of disability applies during the first twenty-four months of payable benefits.

These provisions establish that Plaintiff was a covered employee under the Policy at all times relevant to the disability onset date asserted in this action.

### B. Definition of Disability

The Policy defines Disability during the Elimination Period and the first twenty-four months of benefits by reference to the insured's Own Occupation.

Under the Policy, an insured is Disabled when, because of Injury or Sickness, he is unable to perform each of the Main Duties of his Own Occupation and satisfies the remaining requirements of the Policy.

The definition focuses upon the claimant's medical and vocational ability to perform occupational duties rather than upon the claimant's employment status. **(Policy AR Lincoln/Khurana 008–009.)**

**C. Disability Must Begin While Coverage Is in Effect**

The Policy expressly provides: **"For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage." (Policy AR Lincoln/Khurana 019.)**

This provision governs the principal dispute in this case. The Policy does **not** provide that disability automatically begins on an employee's last day worked, date of termination, or date employment ends. Instead, the Policy requires Lincoln to determine **when disability actually began** under the Policy's definition of Disability.

Accordingly, the relevant inquiry is whether the Administrative Record supports Lincoln's determination that Plaintiff first became Disabled on April 13, 2024, or whether the evidence demonstrates that Plaintiff became Disabled while he remained insured under the Policy.

**D. Elimination Period**

The Policy requires satisfaction of an 180-day Elimination Period before Long-Term Disability benefits become payable.

The Elimination Period governs **when benefits become payable**; it does not determine **when disability begins**. Those are separate concepts under the Policy.

Consequently, Plaintiff's entitlement to benefits depends first upon the correct determination of the Disability Date. Only after that determination is made does the Elimination Period become relevant to calculating the commencement of benefit payments.

**E. Proof of Loss**

The Policy requires a claimant to provide satisfactory proof of Disability and authorizes Lincoln to evaluate the submitted evidence before determining eligibility for benefits.

Lincoln therefore had an obligation to evaluate the evidence contained within the Administrative Record and determine whether Plaintiff satisfied the Policy's definition of Disability while he remained insured under the Plan.

The dispute before this Court concerns Lincoln's application of those Policy provisions to the evidence contained in the Administrative Record.

**IV. STANDARD OF REVIEW**

The standard of review in an action brought under 29 U.S.C. § 1132(a)(1)(B) is governed by the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and subsequent Ninth Circuit authority.

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In an ERISA benefits case, summary judgment ordinarily serves as the procedural vehicle through which the Court resolves the parties' legal dispute based upon the Administrative Record rather than through a traditional trial.

Because this action concerns judicial review of Lincoln's benefit determination, the Court's task is to determine whether that determination can be sustained under the governing terms of the Policy and ERISA.

### B. Judicial Review Under ERISA

Section 502(a)(1)(B) of ERISA authorizes a participant to bring a civil action to recover benefits due under the terms of an employee benefit plan, enforce rights under the plan, or clarify rights to future benefits.

The Court's review focuses upon the decision made by the plan administrator and the evidence contained within the Administrative Record that was before the administrator when the benefit determination was made.

### C. De Novo or Abuse-of-Discretion Review

Under *Firestone*, a denial of benefits is reviewed **de novo** unless the benefit plan grants discretionary authority to the administrator to determine eligibility for benefits or construe the terms of the plan.

If discretionary authority exists, the Court generally applies abuse-of-discretion review while considering any structural conflict of interest as a factor in evaluating the administrator's decision.

Regardless of which standard ultimately applies, Lincoln's determination must be supported by the Administrative Record and must reflect a reasonable application of the written terms of the Policy.

**D. Structural Conflict of Interest**

Lincoln both determines eligibility for benefits and pays benefits under the Policy. Consequently, Lincoln operates under a structural conflict of interest recognized by the Supreme Court in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008).

That conflict does not alter the terms of the Policy but remains a factor the Court may consider when determining whether Lincoln's benefit determination was reasonable.

**E. Full and Fair Review**

ERISA requires every employee benefit plan to provide participants with a full and fair review of adverse benefit determinations. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1.

A full and fair review requires the administrator to consider the evidence submitted by the claimant, evaluate the claim under the written terms of the Policy, and articulate the basis for its decision in a manner sufficient to permit meaningful judicial review.

Where the Administrative Record fails to demonstrate that the administrator reasonably applied the governing Policy provisions to the evidence before it, the resulting benefit determination cannot be sustained.

### F. This Case Concerns Eligibility for Benefits, Not Benefit Calculations (EXHIBIT A)

This action does not present a dispute concerning the amount of Plaintiff's monthly Long-Term Disability benefit, applicable offsets, or the calculation of benefits payable under the Policy.

During discovery, Plaintiff requested documents concerning the calculation of his Basic Monthly Earnings, monthly benefit amount, benefit worksheets, and any applicable offsets. Defendant responded that no benefit calculation was performed because Plaintiff's claim was denied before reaching that stage.

Accordingly, the sole issue before the Court is whether Lincoln properly determined that Plaintiff was ineligible for coverage based upon its selection of April 13, 2024, as Plaintiff's Disability Date. Lincoln's denial was not based upon a calculation of benefits, the amount of benefits payable, or the application of policy offsets. Rather, Lincoln denied the claim because it concluded that Plaintiff became Disabled after his insurance coverage had terminated.

Because Lincoln never reached the issue of benefit calculations, the Court's review is limited to the threshold eligibility determination reflected in the Administrative Record. If Lincoln's

determination that Plaintiff's Disability Date was April 13, 2024, is not supported by the Administrative Record or the written terms of the Policy, then the contractual basis for denying benefits necessarily fails.

## V. ARGUMENT

The Administrative Record demonstrates that Lincoln denied Plaintiff's claim because it concluded that Plaintiff's insurance coverage terminated before Plaintiff became Disabled. The record, however, does not adequately support Lincoln's determination that Plaintiff first became Disabled on April 13, 2024.

### A. Lincoln's Denial Was Based Upon Its Selection of April 13, 2024, as the Disability Date

Lincoln's claim cover sheet reflects:

- Last Day Worked: **April 12, 2024; (AR Lincoln/Khurana 052.)**
- Disability Date: **April 13, 2024; (AR Lincoln/Khurana 052.)**
- Claim Status: **Denied**; and
- Status Reason: **Contractual Denial/Other. (AR Lincoln/Khurana 052.)**

Lincoln's contemporaneous claim notes further explain the basis for that determination:

"64 YOM, Occupation: Driver, LDW: 4/12/24, DOD: 4/13/24... ER confirmed that EE LDW 4/12/24 and was terminated as of that day. Recommending denial for termination of coverage due to being terminated prior to DOD."

Lincoln's manager thereafter approved the recommendation after reviewing the claim file and draft denial letter. **(AR Lincoln/Khurana 052.)**

The Administrative Record therefore demonstrates that Lincoln denied Plaintiff's claim because it concluded that Plaintiff's Disability Date **(AR Lincoln/Khurana 052.)** occurred after Plaintiff's insurance coverage ended.

**B. The Administrative Record Does Not Explain Why Lincoln Selected April 13, 2024**

Although Lincoln recorded April 13, 2024, as Plaintiff's Disability Date, the Administrative Record presently before the Court does not identify any medical opinion, vocational assessment, or other analysis explaining why that specific date was selected.

Instead, Lincoln's claim notes focus almost exclusively upon confirming Plaintiff's Last Day Worked and employment termination. The claim examiner repeatedly contacted Ryder to verify Plaintiff's employment status and then recommended denial once Ryder confirmed that Plaintiff's employment ended on April 12, 2024.

The Administrative Record therefore reflects an investigation directed primarily toward coverage termination rather than toward determining when Plaintiff became Disabled under the Policy.

The Ninth Circuit has repeatedly held that an ERISA administrator must articulate a reasoned explanation connecting the evidence in the administrative record to its benefit determination. See *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872–73 (9th Cir. 2008).

A reviewing court cannot simply assume that an administrator reached the correct conclusion where the administrative record fails to explain the basis for that conclusion.

Likewise, in *Montour v. Hartford Life & Accident Insurance Co.*, 588 F.3d 623, 634–36 (9th Cir. 2009), the Ninth Circuit emphasized that a plan administrator must engage in a deliberate and principled reasoning process supported by substantial evidence. Here, Lincoln's Administrative Record identifies April 13, 2024, as Plaintiff's Disability Date but contains no contemporaneous medical or vocational analysis explaining why that date was selected. Instead, Lincoln's analysis focuses upon Plaintiff's employment termination and concludes only that Plaintiff was "terminated prior to DOD." **(AR Lincoln/Khurana 054.)**

**C. The Policy Distinguishes Disability from Employment Status**

The Policy does not equate termination of employment with the onset of disability. Rather, the Policy provides that Disability must begin while the employee is insured and defines Disability by reference to the insured's inability to perform the material duties of his Own Occupation because of sickness or injury.

Accordingly, Plaintiff's employment termination on April 12, 2024, did not itself establish that Plaintiff first became Disabled on April 13, 2024.

The Policy required Lincoln to determine the actual Disability Date based upon the evidence contained in the Administrative Record.

**D. Plaintiff Consistently Asserted an Earlier Disability Onset Date**

The Administrative Record reflects that Plaintiff consistently maintained that his disability began on **October 28, 2023**, while he remained insured under the Policy.

The Record also reflects Plaintiff's later submissions requesting reconsideration and advising Lincoln that the Social Security Administration had determined that Plaintiff became disabled on October 28, 2023. Lincoln acknowledged receipt of those submissions.

Whether Lincoln was ultimately required to accept Plaintiff's asserted onset date is not the issue presently before the Court. Rather, the issue is whether the Administrative Record demonstrates a reasoned basis for rejecting that asserted onset date in favor of April 13, 2024.

Plaintiff does not contend that Lincoln was legally bound by the Social Security Administration's disability determination. However, once Plaintiff submitted the SSA decision **(AR Lincoln/Khurana 061–064)** during the administrative process, Lincoln was required to meaningfully consider that evidence and explain why it rejected Plaintiff's asserted October 28, 2023, disability onset date. See *Saffon*, 522 F.3d at 872–73.

**E. Lincoln's Determination Cannot Be Sustained Under the Written Terms of the Policy**

The Policy requires Lincoln to determine when Disability began, not merely when employment ended.

Because Lincoln's denial rested upon its determination that Plaintiff was "terminated prior to DOD," **(AR Lincoln/Khurana 054)** the Administrative Record must reasonably support Lincoln's selected Disability Date.

If the Administrative Record does not reasonably support that determination under the governing Policy provisions, Lincoln's contractual basis for denying benefits necessarily fails.

At a minimum, the absence of a reasoned explanation for selecting April 13, 2024, warrants remand for a full and fair administrative review consistent with ERISA.

## F. Lincoln Operated Under a Structural Conflict of Interest

Lincoln both determined Plaintiff's eligibility for benefits and was responsible for paying any approved benefits, creating the structural conflict of interest recognized in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 112–17 (2008). That conflict is a factor the Court may consider when evaluating whether Lincoln's determination resulted from a reasoned and impartial review. See *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965–69 (9th Cir. 2006) (en banc)

### G. Lincoln Failed to Apply the Written Terms of the Policy

ERISA requires every fiduciary to administer an employee benefit plan "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). The Supreme Court has likewise recognized that the written terms of the plan govern the parties' rights and obligations under ERISA. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013).

Here, the Policy requires Lincoln to determine whether Plaintiff became Disabled while insured under the Policy. The Policy does not provide that disability automatically begins upon termination of employment, nor does it equate an employee's Last Day Worked with the onset of

Disability. Instead, the Policy requires Lincoln to evaluate the claimant's medical and vocational condition under the Policy's definition of Disability. **(Policy AR Lincoln/Khurana 008–009.)**

The Administrative Record, however, reflects that Lincoln's analysis centered on Plaintiff's employment termination rather than on the medical evidence supporting Plaintiff's asserted disability onset date. Lincoln verified Plaintiff's Last Day Worked, assigned a Disability Date of April 13, 2024, **(AR Lincoln/Khurana 052, 054)** and recommended denial because Plaintiff was "terminated prior to DOD."

Nothing in the Administrative Record explains how Lincoln applied the Policy's definition of Disability to arrive on April 13, 2024. Without such an explanation, the Court cannot conclude that Lincoln administered the Policy in accordance with its written terms as required by ERISA.

**H. Lincoln's Decision Does Not Permit Meaningful Judicial Review**

Judicial review under ERISA requires more than accepting the administrator's conclusion at face value. The Administrative Record must permit the Court to determine whether the administrator applied the governing plan provisions to the evidence before it. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968–69 (9th Cir. 2006) (en banc).

In *Saffon*, the Ninth Circuit emphasized that an administrator must provide a reasoned explanation sufficient to permit meaningful judicial review. 522 F.3d at 872–73. Likewise, *Montour* instructs that courts evaluate whether the administrator engaged in a deliberate and principled reasoning process supported by substantial evidence. 588 F.3d at 634–36.

Here, Lincoln's Administrative Record identifies April 13, 2024, as Plaintiff's Disability Date but does not identify the medical opinion, physician review, **(AR Lincoln/Khurana 052–055)** vocational assessment, or other contemporaneous evidence supporting that date. Instead, the Record documents that Lincoln verified Plaintiff's employment termination and denied the claim because Plaintiff was "terminated prior to DOD."

Because the Administrative Record does not explain how Lincoln determined that Plaintiff first became Disabled on April 13, 2024, under the Policy's definition of Disability, meaningful judicial review is frustrated. Under these circumstances, Lincoln's determination cannot be sustained without further explanation grounded in the Administrative Record.

## VI. REMEDY

### A. The Court Should Reverse Lincoln's Denial and Enter Judgment in Plaintiff's Favor

ERISA authorizes a participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Where the Administrative Record demonstrates that a plan administrator improperly denied benefits under the governing plan documents, the Court has authority to reverse the denial and enter judgment for the participant. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

In this case, Lincoln denied Plaintiff's claim because it concluded that Plaintiff's insurance coverage had terminated before Plaintiff became Disabled. Lincoln's claim records identify **(AR Lincoln/Khurana 052)** Plaintiff's Last Day Worked as April 12, 2024, his Disability Date as April 13, 2024, and classify the claim as a contractual denial.

Lincoln's contemporaneous claim notes likewise state that denial was recommended because Plaintiff was "terminated prior to DOD." **(AR Lincoln/Khurana 054.)**

The Administrative Record, however, does not adequately explain why Lincoln selected April 13, 2024, as Plaintiff's Disability Date under the Policy's definition of Disability.

The Policy requires Disability to begin while the employee is insured, but it does not equate the Disability Date with the date employment ended.

Accordingly, Lincoln's contractual basis for denial rests upon a Disability Date that is not adequately explained by the Administrative Record, Plaintiff respectfully submits that the denial should be reversed.

**B. Alternatively, the Court Should Remand for a Full and Fair Administrative Review**

Should the Court conclude that the present Administrative Record does not permit entry of judgment in Plaintiff's favor, the appropriate remedy is remand.

ERISA requires plan administrators to provide participants with a full and fair review of adverse benefit determinations. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1.

Remand is appropriate where the administrator has failed to adequately explain its reasoning, apply the governing Policy provisions, or meaningfully address evidence submitted by the claimant. See *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872–73 (9th Cir. 2008); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) (en banc).

If the Court determines that additional administrative findings are necessary, Plaintiff respectfully requests that the Court remand the claim to Lincoln with instructions to:

1. determine Plaintiff's Disability Date under the written terms of the Policy;
2. evaluate all evidence contained within the Administrative Record, including Plaintiff's submissions asserting an October 28, 2023 onset date;
3. explain the factual and medical basis for any Disability Date selected;
4. determine whether Plaintiff satisfied the Policy's definition of Disability while insured;
5. If appropriate, calculate benefits in accordance with the Policy.

Such relief is consistent with ERISA's requirement that benefit determinations be reasoned, supported by the record, and made in accordance with the written terms of the Plan.

**C. Attorney's Fees and Costs** ERISA authorizes the Court, in its discretion, to award reasonable attorney fees and costs to either party. 29 U.S.C. § 1132(g)(1).

Because Plaintiff appears **prose**, Plaintiff does not presently seek attorney's fees. Plaintiff does, however, respectfully request recovery of taxable costs and such other relief as the Court deems just and proper under ERISA and applicable law.

## VII. CONCLUSION

The material facts relevant to Lincoln's denial are largely undisputed. Lincoln's own records establish that:

- Plaintiff was insured for Long-Term Disability coverage under the Ryder Group Long-Term Disability Policy.
- Plaintiff's Last Day Worked was April 12, 2024.
- Lincoln selected April 13, 2024, as Plaintiff's Disability Date.
- Lincoln denied the claim because Plaintiff was "terminated prior to DOD."

The Policy, however, requires Lincoln to determine when Disability began while Plaintiff was insured. It does not equate disability with termination of employment, nor does it authorize denial merely because employment ended before the Disability Date selected by the claim's administrator.

Plaintiff consistently maintained throughout the administrative process that his disability began on October 28, 2023, while he remained insured under the Policy. Lincoln acknowledged receipt of Plaintiff's later submissions addressing that onset date.

The Administrative Record does not adequately explain why Lincoln selected April 13, 2024, as the Disability Date or how that determination was derived from the medical evidence and the Policy's definition of Disability. Lincoln's denial ultimately rests upon a Disability Date that is neither adequately explained nor supported by the Administrative Record. ERISA requires more than an unexplained conclusion. Because Lincoln failed to demonstrate that Plaintiff first became

Disabled on April 13, 2024, under the written terms of the Policy, its denial of benefits cannot be sustained. Accordingly, Plaintiff respectfully requests that the Court:

1. **Grant Plaintiff's Motion for Summary Judgment;**
2. **Reverse Lincoln's denial of Plaintiff's claim for Long-Term Disability benefits;**
3. **Enter judgment in Plaintiff's favor pursuant to 29 U.S.C. § 1132(a)(1)(B);**
4. **Award Plaintiff taxable costs as permitted by law;** and
5. **Alternatively, remand the claim to Lincoln for a full and fair review consistent with ERISA, the Policy, and the Court's Order.**

Lincoln's own Administrative Record demonstrates that its denial turned upon a single conclusion—that Plaintiff was "terminated prior to DOD." Yet nowhere does the Administrative Record explain why April 13, 2024, was selected as Plaintiff's Disability Date under the Policy's definition of Disability. Because ERISA requires benefit determinations to be reasoned, supported by the Administrative Record, and consistent with the written terms of the Plan, Lincoln's denial cannot be sustained.

Respectfully submitted,

[signature]

**PRAVEEN K. KHURANA**
Plaintiff, Pro Se

Dated: 3rd day, of AUGUST Month, 2026 (PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**PRAVEEN K. KHURANA,**
Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Defendant.

Case No. **2:26-cv-00187-TOR**

---

**CERTIFICATION OF APPENDICES A, B, AND C**

I, **Praveen K. Khurana**, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following exhibits attached in support of Plaintiff's Motion for Summary Judgment are true and correct copies of the documents identified below:

**Appendix A** – A true and correct copy of the **Ryder System, Inc. Group Long-Term Disability Policy**, Policy No. **GF3-850-290449-01**, issued by Defendant The Lincoln National Life Insurance Company and produced during the administration of Plaintiff's Long-Term Disability claim.

**Appendix B** – A true and correct copy of the **Administrative Record** produced by Defendant The Lincoln National Life Insurance Company relating to Plaintiff's Long-Term Disability claim, Bates stamped **Lincoln/Khurana 052–784**.

**Appendix C** – A true and correct copy of the **Social Security Administration Administrative Law Judge's Fully Favorable Decision**, dated **October 21, 2025**, submitted solely for the purposes identified in Plaintiff's Motion for Summary Judgment and supporting Declaration.

I certify that these appendices are submitted solely in support of Plaintiff's Motion for Summary Judgment and are true and correct copies of the documents described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 3rd AUGUST, 2026

Spokane Valley, Washington

**PRAVEEN K. KHURANA**
Plaintiff, Pro Se

PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206

(208) 413-0165,

matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**

Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

Defendant.

Case No. **2:26-cv-00187-TOR**

---

## DECLARATION OF PRAVEEN K. KHURANA IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, **Praveen K. Khurana**, declare under penalty of perjury under the laws of the United States as follows:

## I. DECLARANT

1. I am the Plaintiff in this action.
2. I make this Declaration based upon my personal knowledge. If called as a witness, I could and would testify competently to the matters stated herein.

3. I submit this Declaration in support of my Motion for Summary Judgment.

## II. ERISA CLAIM

4. This action seeks judicial review of Defendant The Lincoln National Life Insurance Company's denial of my claim for Long-Term Disability benefits under the Ryder System, Inc. Group Long-Term Disability Policy pursuant to **29 U.S.C. § 1132(a)(1)(B).**
5. During the administrative process, Lincoln created an Administrative Record concerning my claim.
6. I later requested and obtained a copy of that Administrative Record.
7. The Administrative Record filed in this action is the record produced by Lincoln in response to that request.

## III. ADMINISTRATIVE PROCEEDINGS

8. During the administrative process, I consistently asserted that my disability began on **October 28, 2023**.
9. Lincoln denied my claim after determining that my Disability Date was **April 13, 2024**.
10. Lincoln's Administrative Record documents that determination and the basis for the denial.
11. After the denial, I submitted additional materials concerning my asserted disability onset date.
12. Lincoln's claim notes acknowledge receipt of those materials.

## IV. EXHIBITS

13. Attached hereto as Exhibits A through C are true and correct copies of the following documents

14. To the best of my knowledge, Exhibit B is the complete Administrative Record produced by Lincoln relating to my Long-Term Disability claim, and it is the record upon which Defendant based its benefit determination.

**Exhibit A** – Ryder System, Inc. Group Long-Term Disability Policy.

**Exhibit B** – The Administrative Record attached as Exhibit B is a true and correct copy of the Administrative Record produced to me by Defendant The Lincoln National Life Insurance Company in connection with my Long-Term Disability claim

Exhibit B is Bates numbered "Lincoln/Khurana 052–784," and citations in Plaintiff's memorandum to "AR" refer to those Bates-numbered pages.

**Exhibit C** – Social Security Administration disability determination (only if properly before the Court for the purpose asserted in the motion).

## V. PURPOSE OF THIS DECLARATION

14. This Declaration is submitted to authenticate the exhibits attached hereto, including the Administrative Record produced by Lincoln, and to establish the procedural history relevant to Plaintiff's Motion for Summary Judgment.

15. This Declaration is **not** offered to supplement the Administrative Record with new factual evidence concerning the merits of Plaintiff's claim beyond matters properly before the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: 3rd AUGUST, 2026

Spokane Valley, Washington

**PRAVEEN K. KHURANA**
Plaintiff, Pro Se

EXHIBIT A

RE: Request for Benefit Calculation Documents

From: iwana@rademaekerslaw.com
To matman00us@yahoo.com
Date: Wednesday, July 22, 2026 at 12:37 PM PDT

As benefits were denied, no benefit calculation was conducted, and I'm not seeing information in the administrative record that reflect that Lincoln received information from the employer about your earnings history.

**Iwana Rademaekers**

Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

*CONFIDENTIALITY NOTICE: THE MESSAGE AND INFORMATION CONTAINED IN OR ATTACHED TO THIS COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE PERSON NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, AND THEN DELETE THIS COMMUNICATION FROM YOUR COMPUTER. THANK YOU.*

**From:** Praveen Khurana <matman00us@yahoo.com>
**Sent:** Monday, July 20, 2026 10:44 AM
**To:** iwana@rademaekerslaw.com
**Cc:** aschpak@barran.com
**Subject:** Request for Benefit Calculation Documents

Ms. Rademackers,

Thank you for Filing the joint report last week.

As I continue reviewing the administrative record, I have a question regarding the calculation of LTD benefits under the Ryder System, Inc. Group Long Term Disability Plan.

The policy provides that benefits are payable at 60% of an employee's Basic Monthly Earnings, subject to the terms of the Plan. However, I have not yet identified any documents reflecting Lincoln's calculation of my Basic Monthly Earnings or the amount of LTD benefits that would have been payable had my claim been approved.

Accordingly, would you please advise whether the administrative record contains, or whether Lincoln can provide, the following:

1. The Employer Statement or wage information submitted by Ryder to Lincoln;
2. Any documents showing my Basic Monthly Earnings or Covered Monthly Earnings as determined by Lincoln;
3. Any benefit calculation worksheets, claim calculations, or internal documents reflecting how Lincoln calculated (or would have calculated) my monthly LTD benefit under the Plan;

4. Any documents identifying the applicable offsets used in calculating the monthly benefit.

If Lincoln never performed a benefit calculation because the claim was denied before reaching that stage, I would appreciate confirmation of that fact.

Thank you for your attention to this request.

Sincerely,

**Praveen K. Khurana**
Plaintiff, Pro Se

Sent from Yahoo Mail for iPhone