APPENIDX C

SOCIAL SECURITY ADMINISTRATION

Office of Hearings Operations
2300 MAIN ST.
STE 910
KANSAS CITY, MO 64108-2450

Date: October 21, 2025

Praveen Khurana
108 S Jefferson St
Apt 307
Spokane, WA 99201-4174

## Notice of Decision – Fully Favorable

I carefully reviewed the facts of your case and made the enclosed fully favorable decision. Please read this notice and my decision.

**When Will You Get Paid**

Another office will process my decision. That office may ask you for more information. You should receive payment in 40-60 days of the date of this notice. However, some cases may vary. If you do not hear anything within 60 days of the date of this notice, please contact your local office. The contact information for your local office is at the end of this notice.

**If You Disagree With My Decision**

If you disagree with my decision, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must ask in writing that the Appeals Council review my decision. The preferred method for filing your appeal is by using our secure online process available at https://www.ssa.gov/benefits/disability/appeal.html.

You may also use our Request for Review form (HA-520) or write a letter. The form is available at https://www.ssa.gov/forms/ha-520.html. Please write the Social Security number associated with this case on any appeal you file. You may call (800) 772-1213 with questions.

Please send your request to:

Form HA-L76 (07-2024)

**Suspect Social Security Fraud?**
**Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).**

See Next Page

**Social Security Administration**
**Office of Appellate Operations**
**6401 Security Blvd**
**Baltimore, MD 21235-6401**

## Time Limit To File An Appeal

You must file your written appeal **within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.

The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

## What Else You May Send Us

You or your representative may send us a written statement about your case. You may also send us new evidence. You should send your written statement and any new evidence **with your appeal**. Sending your written statement and any new evidence with your appeal may help us review your case sooner.

## How An Appeal Works

The Appeals Council will consider your entire case. It will consider all of my decision, even the parts with which you agree. Review can make any part of my decision more or less favorable or unfavorable to you. The rules the Appeals Council uses are in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

The Appeals Council may:

- Deny your appeal,
- Return your case to me or another administrative law judge for a new decision,
- Issue its own decision, or
- Dismiss your case.

The Appeals Council will send you a notice telling you what it decides to do. If the Appeals Council denies your appeal, my decision will become the final decision.

## The Appeals Council May Review My Decision On Its Own

The Appeals Council may review my decision even if you do not appeal. They may decide to review my decision within 60 days after the date of the decision. The Appeals Council will mail you a notice of review if they decide to review my decision.

**When There Is No Appeals Council Review**

If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.

**If You Have Any Questions**

1. Visit www.ssa.gov for fast, simple, and secure online service.
2. Call us at **1-800-772-1213**, weekdays from 8:00 am to 7:00 pm. If you are deaf or hard of hearing, call TTY **1-800-325-0778**. Please mention this notice and decision when you call.
3. You may also call your local office at (866) 331-5532.

SOCIAL SECURITY
SUITE 100
714 N IRON BRIDGE WAY
SPOKANE, WA 99202-4926

Mark Naggi
Administrative Law Judge

Enclosures:
Decision Rationale
Form HA-L15 (Fee Agreement Approval)

cc: Evan D Marken
EVAN MARKEN
Ste 416
905 W Riverside
Spokane, WA 99201-1099

**SOCIAL SECURITY ADMINISTRATION**
**Office of Hearings Operations**

**DECISION**

| IN THE CASE OF | CLAIM FOR |
|---|---|
| | Period of Disability and Disability Insurance Benefits |
| Praveen Khurana (Claimant) | |
| | 21ZF555H65911 |
| (Wage Earner) | (Beneficiary Notice Control Number) *Social Security Number removed for your protection* |

## JURISDICTION AND PROCEDURAL HISTORY

This case is before the undersigned on a request for hearing dated March 19, 2025 (20 CFR 404.929 *et seq.*). The claimant appeared and testified at a hearing by online video (20 CFR 404.936(c)) on October 6, 2025. Ex. 17B. The claimant agreed to appear by online video before the hearing. He waived advance notice of a hearing. Ex. 16B. Alicia Hiles, an impartial vocational expert, also appeared at the hearing. The claimant is represented by Evan D Marken, an attorney.

The claimant is alleging disability since October 28, 2023.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

**1. The claimant's date last insured is June 30, 2024.**

**2. The claimant has not engaged in substantial gainful activity since October 28, 2023, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).**

The claimant has earnings of $31,268.21 in 2023 and $3,899.97 in 2024. Ex. 6D/3. His earnings breakdown into $4,589 in the fourth quarter of 2023, $1,277 in the first quarter of 2024, and $2,623 in the second quarter of 2024. Ex. 8D. The claimant reports his earnings decreased significantly as of October 2023, which is consistent with the reduced earnings in 2024. In the fourth quarter of 2023, substantial gainful activity is presumed for earnings of $4,410, and his earnings are consistent with full-time work for one month of the fourth quarter and below substantial gainful activity for the remaining quarter. The 2024 earnings are significantly below substantial gainful activity.

**3. The claimant has the following severe impairments: diabetes, bilateral knee arthritis, heart disease, and hypertension (20 CFR 404.1520(c)).**

See Next Page

**4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

**5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is unable to climb ladders, ropes, and scaffolds. He would miss 4 days a month.**

In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.

The claimant can perform less than the full range of light exertion. The claimant is diagnosed with bilateral knee arthritis. Ex. 5F/89, 90. This is aggravated by walking. Ex. 6F/70. His knee pain supports the reduction to the light exertional level and reduced climbing. The claimant also reports heart palpitations, related to his cardiac condition, with increased chest discomfort when swimming or rushing through the airport. Ex. 5F/36. Increased cardiac symptoms during exertion contribute to the reduction to light exertion.

Beyond the limitation to the light exertional level, he will miss four days of work per month. The claimant has conditions that cause periodic increases in symptoms. He is diagnosed with diabetes, heart disease, and hypertension. Ex. 2F/15; 5F/224. He has chronic elevated a1cs despite injectable medication management. Ex. 6F/10. The medications used to treat this condition has caused him to have diarrhea on a daily basis that would interfere with consistent performance of work activity. Ex. 6F. He has a heart condition. He had a syncopal episode in October 2023. Ex. 2F/8. This was due to atrial fibrillation, and he began medications that managed his symptoms. Ex. 2F/23. His objective ability improved with a normal treadmill test. Ex. 2F/60. However, he still has some cardiac arrhythmia on Holter monitor. Ex. 2F/75. He has associated symptoms of chest pain during exertion, increased daytime fatigue, and periods of lightheadedness. Ex. 2F/25; 5F/36, 71. Records indicate he continues to have periods of syncope as well. Ex. 6F/46. Syncope, periods of lightheadedness, and intermittent periods of fatigue contribute to the finding that the claimant will miss four days per month.

Lich Pham, M.D., opined the claimant is unable to perform more than 4 hours of work in an 8-hour workday and would miss four days per month. Ex. 4F. The limitation to 4 hours of work per 8-hour workday is not persuasive but the likelihood of absences is persuasive. This opinion includes minimal support that supports the opinion, but the opinion is generally consistent with the record. For instance, the claimant's testimony that he is unable to consistently perform tasks is consistent with repeated absences. Complaints to providers of fatigue, chest pain, and syncope is also consistent with repeated absences. Ex. 2F/8, 25; 5F/36, 71; 6F/46.

**6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).**

See Next Page

The claimant has past relevant work as truck driver (DOT 905.663-014, medium, SVP 4). The demands of the claimant's past relevant work exceed the residual functional capacity.

**7. The claimant was an individual closely approaching retirement age on the established disability onset date (20 CFR 404.1563).**

**8. The claimant has at least a high school education (20 CFR 404.1564).**

**9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).**

Even if the claimant had the residual functional capacity for the full range of light work, a finding of "disabled" would be directed by Medical-Vocational Rule 202.06.

**11. The claimant has been under a disability as defined in the Social Security Act since October 28, 2023, the alleged onset date of disability (20 CFR 404.1520(g)).**

## DECISION

Based on the application for a period of disability and disability insurance benefits protectively filed on April 8, 2024, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since October 28, 2023.

/s/ *Mark Naggi*
Mark Naggi
Administrative Law Judge

October 21, 2025
Date

# SOCIAL SECURITY ADMINISTRATION
**Office of Hearings Operations**

## ORDER OF ADMINISTRATIVE LAW JUDGE

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Praveen Khurana (Claimant) | Period of Disability and Disability Insurance Benefits |
| (Wage Earner) | 21ZF555H65911 (Beneficiary Notice Control Number) *Social Security Number removed for your protection* |

I approve the fee agreement between the claimant and his representative subject to the condition that the claim results in past-due benefits. My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

### YOU MAY REQUEST A REVIEW OF THIS ORDER AS INDICATED BELOW

**Fee Agreement Approval:** You may ask us to review the approval of the fee agreement. If so, write us within 15 days from the day you get this order. Tell us that you disagree with the approval of the agreement and give your reasons. Your representative also has 15 days to write us if he or she does not agree with the approval of the fee agreement. Send your request to this address:

**Regional Chief Administrative Law Judge**
**SSA OHO MID-WEST/WEST**
**PO Box 9129**
**London, KY 40742-9662**

**Fee Agreement Amount:** You may also ask for a review of the amount of the fee due to the representative under this approved fee agreement. If so, please write directly to me as the deciding Administrative Law Judge within 15 days of the day you are notified of the amount of the fee due to the representative. Your representative also has 15 days to write me if he/she does not agree with the fee amount under the approved agreement.

You should include the social security number(s) associated with this claim on any papers that you send us.

/s/ *Mark Naggi*

Mark Naggi
Administrative Law Judge

October 21, 2025
Date