Honorable Thomas O. Rice

**Iwana Rademaekers, Texas Bar No. 16452560**
(Admitted Pro Hac Vice)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Andrew Schpak, Oregon Bar No. 044080
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212
Email: ASchpak@barran.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, d/b/a LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No. 2:26-cv-00187-TOR<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Lincoln National Life Insurance Company, d/b/a Lincoln Financial Group ("Lincoln") files this Motion for Summary Judgment on the Administrative Record and Opposition to Plaintiff's Motion for Summary Judgment. This Brief is supported by the attached *Declaration of Kayla Bick,* as well as the administrative record and relevant plan documents that were filed with the Court as *Defendant's Submission of Administrative Record* (ECF No. 17).[1] All of these documents are fully incorporated into this Motion. Lincoln also refers to its Statement of Material Facts filed contemporaneously with this Response and Motion, pursuant to LCivR 56(c). All summary judgment evidence is fully incorporated into this Response.

## I.
## INTRODUCTION AND SUMMARY

In the Complaint, Plaintiff Praveen Khurana ("Khurana") alleges that he is owed long-term disability benefits from the Ryder System, Inc. Long-term Disability Plan (the "LTD Plan"). The benefits claimed by Khurana were part of an employee benefit plan provided by his employer, Ryder System, Inc. ("Ryder") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Therefore, this matter is governed by ERISA. Ryder had contracted

---

[1] Exhibits 1 through 3 referenced throughout this Motion refer to the Exhibits at ECF Nos. 17-1 through 17-3 attached to Defendant's Submission of Administrative Record (ECF No. 17).



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

with Lincoln for a Group Disability Income Policy (the "Policy") to insure payment of benefits to Ryder employees who participated in the LTD Plan. The Policy and the Certificate of Coverage (the "Certificate") are the relevant plan documents pertaining to Khurana's claim for benefits from the LTD Plan.

The summary judgment evidence establishes that Khurana has failed to satisfy all conditions precedent to recovery of benefits under ERISA. Specifically, Khurana or his counsel failed to exhaust required administrative remedies prior to bringing this action. Alternatively, based on the administrative record that was before Lincoln at the time the benefits decision was made by Lincoln, Lincoln did not abuse its discretion in denying long-term disability benefits to Khurana. Finally, Khurana fails to state a viable claim for equitable relief/breach of fiduciary duty, pursuant to 29 U.S.C. § 1132(a)(3), as it is precluded by virtue of the availability to Khurana of his claim for recovery of benefits pursuant to § 1132(a)(1)(B), for which Khurana has pled in the Complaint. Accordingly, the Court should deny Khurana's Motion for Summary Judgment and dismiss this action.

## II.
## FACTUAL BACKGROUND

The relevant facts derived from the Complaint and Plaintiff's Motion for Summary Judgment are as follows:



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Khurana was employed by Ryder System, Inc. ("Ryder"). (ECF No. 1, Complaint ¶ 6). During Khurana's employment with Ryder, Khurana asserts he was eligible to receive disability benefits from the LTD Plan. (ECF No. 1, Complaint ¶ 6). Moreover, the Complaint specifically states this is an action under ERISA to recover benefits under the LTD Plan. (ECF No. 1, Complaint ¶ 1). Khurana alleges he became disabled during his employment with Ryder and consequently, is eligible for disability benefits from the LTD Plan. (ECF No. 1, Complaint ¶¶ 1, 6, 7, 11, 18 and 20). Khurana asserts he was denied long-term disability benefits from the LTD Plan. (ECF No. 1, Complaint ¶ 18). Khurana brings a claim for recovery of benefits from the LTD Plan (ECF No. 1, Complaint ¶ 20-22) and a claim for "breach of fiduciary duty." (ECF No. 1, Complaint ¶ 23-26).

Khurana submitted a claim for benefits from the Ryder System, Inc. Short-Term Disability Plan (the "STD" Plan) on October 25, 2023 (STD Claim No. 14892253) for diabetes, twitch/tremors, and loss of vision.[2] The STD Plan contains the following provisions regarding pre-existing conditions:

> A pre-existing condition is a condition resulting from an Injury or Sickness for which you were diagnosed or received Treatment within 3 months prior to your effective date of coverage. This plan will not cover any Disability or Partial Disability:
>
> - which is caused or contributed to, by, or results from, a Pre-Existing Condition; and

[2] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 174.



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

- which begins in the first 12 months immediately after your effective date of coverage.

Since the effective date of coverage was May 19, 2023, and Khurana's alleged disability occurred on October 24, 2023, Lincoln conducted a pre-existing condition investigation for the pre-existing condition period from February 19, 2023, to May 18, 2023, relative to Khurana's effective date of coverage and medical treatment. Lincoln requested medical records, which indicate Khurana was treated for diabetes during the pre-existing period of February 19, 2023, through May 18, 2023. Therefore, Lincoln determined that Khurana's condition was subject to the pre-existing condition exclusion and denied Khurana's claim for benefits from the STD Plan. The denial of benefits and Khurana's right to appeal that decision was outlined in Lincoln's November 23, 2023, letter to Khurana.[3] On November 29, 2023, and December 4, 2023, Lincoln received email correspondence from Khurana appealing Lincoln's decision to deny his benefits.[4] Lincoln conducted a thorough and independent review of Khurana's entire claim. Lincoln's decision to uphold the original determination to deny benefits was outlined in a letter to Khurana dated

---

3 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 541-543.

4 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 527-529.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

February 16, 2024.[5] Lincoln received a letter dated March 11, 2024, from an attorney representing Khurana at the time, John V. Tucker of Tucker Disability Law, notifying Lincoln of Khurana's intent to appeal the February 16, 2024, decision in STD Claim No. 14892253.[6] However, as Khurana had already exhausted his rights to appeal Lincoln's decision to deny benefits, Lincoln sent a letter dated March 28, 2024, to Mr. Tucker advising him of the same, as well as Khurana's right to bring a civil action under section 502(a) of ERISA.[7]

Through Mr. Tucker, Khurana then submitted a claim for benefits from the LTD Plan and Lincoln began processing this claim (LTD Claim No. 15775111). Lincoln's investigation showed that Khurana returned to work in March 2024 and was terminated for cause on April 12, 2024.[8] Specifically, Lincoln was informed by Ryder:

> "We cleared him for return on 3/6/24. His release that he provided was the DOT physical that he passed. He did not provide any other release. We don't have any info on why the gap between cleared date and paid date. The termination in Workday was processed by manager Amy Van Gelder **for cause**.

---

[5] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 290-295.

[6] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 268-271.

[7] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 266-267.

[8] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 107-109, 135-136, and 181.



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

> Based on the above, the only conclusion that I can come up with is that when he was cleared to return to work he probably needed to pass the DOT and we don't pay on STD while he goes through that process. He started working and then was termed. I don't see how an LTD claim would be open for him now."[9]

Accordingly, Lincoln denied the claim because Khurana was not a participant in the LTD Plan and was not covered under the Policy at the time of the date of his disability, which was April 13, 2024, the day after his last day of work after being terminated for cause on April 12, 2024. Lincoln sent a letter dated June 10, 2024,[10] to Mr. Tucker informing him of the denial and Khurana's right to appeal this decision.[11]

It is important to note that, not only did Lincoln's June 10, 2024, letter inform Khurana/Mr. Tucker of the 180-day appeal deadline, but it also advised of the documentation that Khurana would need to include in a request for review:

> Under the Employee Retirement Income Security Act of 1974 (ERISA), Praveen may request a review of this denial by writing to the address below:
>
> The Lincoln National Life Insurance Company
> Attn: Appeal Review Unit
> Group Benefits Disability Claims

9 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 130 (emphasis added).

10 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 098-100.

11 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 098-100.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

> P.O. Box 2578
> Omaha, NE 68103-2578
>
> The written request for review must be sent within 180 days from the receipt of this letter and state the reasons Praveen feels his claim should not have been denied. In his request for review please include the following documentation:
>
> Proof of LTD coverage effective at the time of disability and proof you were not terminated.

This language is consistent with the Certificate's language requiring the submission of an administrative appeal:

> What Do You Do To Appeal A Claim Denial?
>
> You, or your authorized representative, may appeal a denied claim within 180 days after you receive Lincoln's notice of denial.[12]

Lincoln then received a letter dated August 26, 2024, from Mr. Tucker notifying Lincoln of Khurana's intent to appeal and requesting documents.[13] The letter also specifically stated:

> **"We request that you please do not start reviewing the claim until we have notified you that we have sent you a complete appeal package."**[14]

---

12 ECF No. 17-1, AR Ex. 1, at Lincoln/Khurana 835.

13 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 082-086.

14 ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 082 (emphasis original).



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Following receipt of Mr. Tucker's August 26, 2024, letter, Lincoln received no further communications from Khurana, Mr. Tucker, or any other attorney on behalf of Khurana before the expiration of the deadline to appeal Lincoln's June 10, 2024, decision. Indeed, it was not until December 18, 2025, more than a year after the appeal deadline expired, that Lincoln received communications from Khurana giving his "Formal Notice of New LTD Claim" and providing a copy of the Social Security Administration's October 21, 2025, decision.[15] Although Khurana's submission stated this was as a new LTD claim, as Khurana asserts in Plaintiff's Material Fact 19, these documents were correctly characterized as an additional (and untimely) document submission in support of his previous claim, which contained the same last day worked for which Lincoln had previously denied benefits in its June 10, 2024, letter. Nevertheless, it is undisputed that Khurana returned to work in March 2024 after passing his DOT physical and was terminated by Ryder for cause on April 12, 2024, at which point he was no longer a participant in the LTD Plan.[16]

---

[15] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 056-072.

[16] Even if Khurana had not returned to work in March 2024 and one assumes an October 2023 date of disability (which Lincoln denies), the same rationale for denying Khurana's STD claim would equally apply to his LTD claim, as the Policy contains the same pre-existing exclusion as the STD Plan. ECF No. 17-1, AR Ex. 1, at Lincoln/Khurana 034.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

## III.
## ARGUMENT

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if the moving party shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[17] However, under the posture of this suit and under Ninth Circuit law, a motion for summary judgment is merely the conduit to bring the legal question of the reasonableness of the decision before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply. *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). In this review, the Court limits itself to the administrative record and determines whether the Plan Administrator's determination is reasonable. *See Bendixen*, 185 F.3d at 944; *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1471-72 (9th Cir. 1993).

### B. KHURANA FAILED TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS LAWSUIT.

There is no dispute that the LTD Plan is a disability plan governed by ERISA. The failure to appeal Lincoln's decision is fatal to Khurana's claim for recovery of LTD benefits from Lincoln. The Ninth Circuit has clearly embraced the requirement

[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

that ERISA plan participants exhaust all administrative remedies with the ERISA plan before filing suit against the plan. *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). This requirement "serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversarial method of claims settlement, the minimization of costs of claim settlement and a proper reliance on administrative expertise." Id.

Lincoln's June 10, 2024, denial letter contained the following language:

> Under the Employee Retirement Income Security Act of 1974 (ERISA), Praveen may request a review of this denial by writing to the address below:
>
> The Lincoln National Life Insurance Company
> Attn: Appeal Review Unit
> Group Benefits Disability Claims
> P.O. Box 2578
> Omaha, NE 68103-2578
>
> The written request for review must be sent within 180 days from the receipt of this letter and state the reasons Praveen feels his claim should not have been denied. In his request for review please include the following documentation:
>
> Proof of LTD coverage effective at the time of disability and proof you were not terminated.
>
> You should also provide any additional information that you feel will support his claim.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

This language is consistent with the Certificate's language requiring the submission of an administrative appeal:

> **What Do You Do To Appeal A Claim Denial?**
>
> You, or your authorized representative, may appeal a denied claim within 180 days after you receive Lincoln's notice of denial.

On August 26, 2024, an attorney representing Khurana at the time (John V. Tucker with Tucker Disability Law) sent a letter dated August 26, 2024, notifying Lincoln of Khurana's **intent** to appeal Lincoln's June 10, 2024, denial of benefits from the LTD Plan. In fact, the letter contains bold text stating, "**Notice of Intent to Appeal & Request for Documents**" and includes the following statement within the text of the letter, "**<u>We request that you please do not start reviewing the claim until we have notified you that we have sent you a complete appeal package.</u>**" (Emphasis original.)

However, no timely correspondence or documents supporting or requesting an appeal were received from Khurana or Mr. Tucker after that August 26, 2024, letter.[18] Accordingly, the summary judgment evidence before this Court conclusively establishes that Khurana failed to timely appeal the June 10, 2024, denial of benefits from the LTD Plan under the Policy.

---

[18] ECF No. 17-3, AR Ex. 3, Lincoln/Khurana 052-055, 073-096, and 101-784.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

The deadline for Khurana to have submitted an appeal was December 7, 2024, 180 days after the day Khurana received the June 10, 2024, letter. Even allowing for delivery of the letter as late as seven days later, or on June 17, 2024, the deadline to submit an appeal expired at least by December 14, 2024. As the deadline for an appeal has long passed, Khurana's claim against Lincoln under ERISA must be dismissed.

Moreover, Khurana's counsel's August 26, 2024, letter states that it constituted a "notice of the intent to appeal," and also specified it was not intended to start the time period Lincoln would have to decide an appeal. *See* 29 C.F.R. 2560.503-1(i)(3)(i). The letter requested that Lincoln "not start reviewing the claim until we have notified you that we have sent you a complete appeal package." Accordingly, this letter was not an appeal of Khurana's denied claim. *Werner v. Liberty Life Assur. Co.*, 336 Fed. Appx. 676, 677 (2009). Therefore, Khurana's claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) must be dismissed by the Court.

### C. Alternatively, Under Ninth Circuit Law, the Court Must Uphold Lincoln's Determination Unless It Is Patently Arbitrary and Unreasonable Based on the Administrative Record.

1. The Language of the Plan Grants Discretionary Authority to Lincoln.



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

As previously stated, the LTD Plan is a disability plan governed by ERISA. Where a "benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," an abuse of discretion standard is applied. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L.Ed.2d 80 (1989); *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999); *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1123 (9th Cir. 1998). The Plan states that "Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding."[19] Therefore, in reviewing Lincoln's decision to deny Khurana's LTD benefits, the Court must apply an "arbitrary and capricious" standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989); *Eley v. Boeing Co.*, 945 F.2d 276, 278 (9th Cir. 1991).

2. <u>The Court May Overturn the Lincoln's Determination Only if it is "Patently Unreasonable."</u>

This standard means that the reviewing court must uphold the determination if it is reasonable. *Firestone*, 489 U.S. at 111; *Zavora*, 145 F.3d at 1123. Conversely, the Court may overturn the decision only if it is so patently unreasonable as to lack a

[19] ECF No. 17-1, AR Ex. 1, at Lincoln/Khurana 038.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

foundation in facts or in the Plan terms. *Hensley v. Northwest Permanente P.C. Ret. Plan and Trust*, 258 F.3d 986, 1001 (9th Cir. 2001) ("Indeed, an administrator's decision 'is not arbitrary unless it is not grounded on *any* reasonable basis.' Accordingly, a Court may overturn a decision only where it is 'so patently arbitrary and unreasonable as to lack foundation in factual basis and/or authority in governing case or statute law.'" (internal citations omitted)); *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000) ("the question we must ask is not "whose interpretation of the plan document is most persuasive, but whether the … interpretation is unreasonable."); *Clark v. Washington Teamsters Welfare Trust*, 8 F.3d 1429, 1432 (9th Cir. 1993) ("Our inquiry is not into whose interpretation is more persuasive, but whether the Plan administrator's interpretation is unreasonable.").

3. <u>The Existence of Contradictory Evidence Does Not Alter the Abuse of Discretion Standard.</u>

The Ninth Circuit has stated that the abuse of discretion standard:

> certainly does not permit the overturning of a decision where there is substantial evidence to support the decision, that is, where there is "relevant evidence reasonable minds might accept as adequate to support a conclusion **even if it is possible to draw two inconsistent conclusions from the evidence**."

*Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (jury verdict); *cf. NLRB v. Musicians Union AFM Local 6*, 960 F.2d 842, 844 (9th Cir. 1992) (administrative agency decision) (emphasis added).



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

The Ninth Circuit has defined "substantial evidence" as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The existence of contradictory evidence in the record does not alter the application or extent of the abuse of discretion standard. *Bendixen*, 185 F.3d at 944; *Taft*, 9 F.3d at 1473 (stating that "[i]n the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion").

4. <u>Under the Abuse of Discretion Standard, the District Court Does Not Make Determinations of Disputed Material Fact.</u>

Ninth Circuit law is clear that:

> [w]here the decision to grant or deny benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply.

*Bendixen*, 185 F.3d at 942. Thus, in the context here of a motion for summary judgment, the district court only reviews the administrator's determinations for reasonableness and whether its determinations regarding the Khurana are clearly erroneous, patently unreasonable or unsupported by any evidence in the administrative record, as described in II.B., above. *See Bendixen*, 185 F.3d at 944;



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

Taft, 9 F.3d at 1471-72. The district court does not make its own factual findings, but rather, only reviews the reasonableness of the administrator's findings.

5. Review Under the Abuse of Discretion Standard is Limited to the Administrative Record.

The Ninth Circuit has specifically held that the reviewing court may only consider the evidence that was before the plan administrator when applying the arbitrary and capricious standard. *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990); *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1471-72 (9th Cir. 1993); *Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th Cir. 2002) (claimant's counsel's letter and documentation sent to plan almost three months after final decision on claim were not part of administrative record and could not be considered by District Court in reviewing the decision). Therefore, only information contained in the administrative record considered by Lincoln[20] is relevant to Khurana's claim before this Court.

The evidence supporting the denial of Khurana's LTD benefits is clear and conclusive. The information provided by Ryder states that Khurana returned to work and left work on April 12, 2024, not because he went out on disability, but because he was terminated for cause. Accordingly, his participation in the LTD Plan ended as

[20] Declaration of Kayla Bick, ¶ 4.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

well. The existence of contradictory evidence in the record does not alter the application or extent of the abuse of discretion standard. *Bendixen*, 185 F.3d at 944; *Taft*, 9 F.3d at 1473. This is especially true when such documentation (the SSDI decision) did not exist and was not submitted until more than a year after the appeal deadline and more than 18 months after the claim decision. It should also be noted that Khurana may not have advised the Social Security Administration with regard to the reason for his reduced earnings in 2024, as there is no reference in the decision to his termination from Ryder for cause on April 12, 2024, after he had returned to work on March 6, 2024. Additionally, to the extent that the SSA's decision could be considered evidence in support of Khurana's assertion that he was disabled as of October 28, 2023, that documentation is inadmissible as it is not a part of the administrative record since it was dated October 21, 2025, and submitted on or about December 18, 2025, more than a year after Khurana's deadline to appeal the denial of benefits from the LTD Plan.

Based on the administrative record, it is clear that Lincoln's decision to deny LTD benefits to Khurana was the correct decision. However, under ERISA, the Ninth Circuit has stated that the applicable standard is whether the decision was arbitrary and capricious. "That standard certainly does not permit the overturning of a decision where there is substantial evidence to support the decision, that is, where



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

there is 'relevant evidence [that] reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.'" *Snow v. Standard Ins. Co.*, 87 F.3d 327, 332 (9th Cir. 1996) (citations omitted). "Review under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Snow v. Standard Ins. Co.*, 87 F.3d 327, 332 (9th Cir. 1996) (citing *Concrete Pipe & Prods., Inc. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623, 113 S.Ct. 2264, 2280 (1993)). *Snow*, 87 F.3d at 332-333. Upon review of the administrative record on Khurana's claim, it is apparent that no mistake has been committed by Lincoln, and Lincoln's decision to deny Khurana's claim for LTD benefits from the LTD Plan under the Policy clearly withstands court scrutiny under the ERISA analytical framework.

Accordingly, Khurana should not prevail on his claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and the Court should dismiss Khurana's claim for recovery of benefits from Lincoln.

**D. KHURANA'S CLAIM FOR EQUITABLE RELIEF IS NOT AVAILABLE UNDER ERISA.**

In his Complaint, Khurana seeks recovery of long-term disability benefits from Lincoln in this action. The Complaint also contains Khurana's claim against Lincoln



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

for equitable relief/breach of fiduciary duty, pursuant to 29 U.S.C. § 1132(a)(3). However, this claim for "equitable relief/breach of fiduciary duty" is precluded by virtue of the availability to Khurana of his claim for recovery of benefits pursuant to § 1132(a)(1)(B), which Khurana has pled in the Complaint.

The United States Supreme Court has recognized that claims for fiduciary duty and equitable relief may be brought under § 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489 (1996). However, the Supreme Court has specifically held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . ." Varity, 516 U.S. at 515. As amplified by the Ninth Circuit in *Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir.2005), § 1132(a)(3) breach of fiduciary duty claims act as a "safety net," offering appropriate equitable relief for ERISA violations that other provisions of § 1132 do not adequately remedy. There is no relief available under § 1132(a)(3) if a claim for recovery of benefits under § 1132(a)(1)(B) offers an adequate remedy. A participant cannot dress up an ERISA denial of benefits action under 29 U.S.C. § 1132(a)(1)(B) as a § 1132(a)(3) breach of fiduciary duty claim. Khurana has not asserted separate facts from those pertaining to the processing of his claim for benefits, nor has he stated that he seeks relief other than an award of



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

benefits. Therefore, this Court should dismiss Khurana's claim for equitable relief/breach of fiduciary duty and Count II of the Complaint.

## IV.
## CONCLUSION AND PRAYER

Khurana failed to satisfy conditions precedent to his claim under ERISA for recovery of benefits. Specifically, Khurana failed to exhaust required administrative remedies prior to bringing this action. Alternatively, it is clear that Lincoln did not abuse its discretion in denying Khurana's benefits from the LTD Plan based on the administrative record. Therefore, Lincoln requests that the Court deny Plaintiff's Motion for Summary Judgment, grant Lincoln's Motion for Summary Judgment, enter a take-nothing judgment on Khurana's claims in this action, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

DATED this 24th day of August 2026.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By *s/ Iwana Rademaekers*
Iwana Rademaekers, Texas Bar #16452560
Admitted *Pro Hac Vice*
iwana@rademaekerslaw.com



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

BARRAN LIEBMAN LLP

By *s/ Andrew Schpak*
Andrew Schpak, WSBA#39901
ASchpak@barran.com

ATTORNEYS FOR DEFENDANT

## DECLARATION OF SERVICE

I hereby certify that on August 24, 2026, I served the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT via Electronic Mail on the following party:

Praveen K. Khurana
PO Box 19519
Spokane, WA 99216
PRO SE

*s/ Iwana Rademaekers*
Iwana Rademaekers



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456