Honorable Thomas O. Rice

**Iwana Rademaekers, Texas Bar No. 16452560**
(Admitted Pro Hac Vice)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**Andrew Schpak, WSBA#39901**
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212
Email: ASchpak@barran.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PRAVEEN K. KHURANA<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LINCOLN FINANCIAL GROUP,<br><br>Defendant. | Case No. 2:26-cv-00187-TOR<br><br>**DECLARATION OF KAYLA BICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Kayla Bick, declare under penalty of perjury and in accordance with the laws of the State of Washington, as follows:

1. I serve as Director/Claims Shared Services for The Lincoln National Life Insurance Company ("Lincoln"). I am more than 21 years of age and am

competent to testify to the matters contained herein. My personal knowledge, as well as the files and records maintained by Lincoln in the ordinary course of business, form the basis of this affidavit.

2. As part of my responsibilities for Lincoln, I am familiar with Lincoln's procedures for processing and administering claims for disability benefits under the group disability plan, including the claim at issue herein that was submitted by Plaintiff Praveen K. Khurana ("Khurana"). I am also personally familiar with the manner in which Lincoln maintains files and records, including those that relate to Khurana's claim for benefits under the Ryder System, Inc. Long-term Disability Plan (the "LTD Plan") sponsored and maintained by Ryder System, Inc. ("Ryder"). I am familiar with and work daily with the construction and interpretation of the various disability plans and policies for which Lincoln administers claims, including the one relevant to the claims of Khurana in the above-styled litigation.

3. I have reviewed the documents submitted to the Court as Defendant's Submission of Administrative Record ("Defendant's Submission") in this action. Exhibits 1 and 3 of Defendant's Submission include all of the documents that Lincoln reviewed in considering Khurana's claim for disability benefits from the Plan. Exhibit 2 of Defendant's Submission labeled as Lincoln/Khurana 097-100 is

Lincoln’s June 10, 2024, letter to an attorney representing Khurana at the time, advising him that Khurana’ claim for benefits had been denied.

4. Exhibit 1 of Defendant’s Submission is the Group Disability Income Policy GF3-850-290449-01 (the “Policy”) and Certificate of Coverage (“Certificate”) that Lincoln issued to Ryder by which Ryder provided benefits to participants in the LTD Plan, including Khurana, and are the plan documents relevant to the above-styled action. As an eligible employee of Ryder, Khurana was a participant in the LTD Plan, was covered under the Policy and Certificate, and submitted a claim for benefits from the LTD Plan under the Policy and Certificate.

5. In evaluating claims for benefits under employee benefit plans insured by Lincoln, it is Lincoln’s practice and intention to review such claims fairly, without regard to the manner in which the plan is funded, and to pay claims consistently and in accordance with the applicable benefit provisions, so that those claims which are payable under the plans are paid and those which are not payable are not paid.

6. The employees who make claims decisions on behalf of Lincoln are not evaluated or compensated on the basis of the amount or number of claims paid or denied. Lincoln in no way discourages its employees from paying claims that are covered and payable under the terms of its policies.

7. The decision to deny Khurana's claim for benefits from the LTD Plan under the Policy was not motivated by self-interest on the part of Lincoln or by a desire to avoid paying the benefits claimed by Khurana. Rather, the decision was based entirely on the relevant provisions of the Policy, Certificate, and the medical records and other information contained in the administrative record.

8. Lincoln has taken steps to separate the claim determination functions from the underwriting/premium functions. These steps were all in place during the period relevant to Khurana's claim, which is April 13, 2024, to December 7, 2024, and are still in effect today. Lincoln's underwriting/premium functions are typically performed prior to the time the insurance contract takes effect, taking into account the size and make-up of the risk to set appropriate rates for the policyholder. Conversely, the functions performed by Claim Resolution Specialist for a particular policyholder generally occur months and years after the insurance contract takes effect. Upon renewal, underwriters make rate determinations for a policyholder independently and without direct input from the disability case managers for that risk.

9. Lincoln has implemented management checks to identify inaccurate decision-making irrespective of whom the inaccuracy benefits. For example, the administrative record reflects that before the Disability Case Manager assigned to Khurana's claim could close the claim, she first sought the approval of her

manager. (*See*, Lincoln/Khurana 054; Claim Notes 9 and 10**)**. It was only after her manager reviewed and approved such an action that the Disability Case Manager sent out her letter of June 10, 2024, letter, informing Khurana that benefits were not payable under the Policy and Certificate. These processes demonstrate that Lincoln has implemented checks and took affirmative steps to promote accuracy.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 24th day of August 2026.

*Kayla Bick*

Kayla Bick