FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 31 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**Praveen K. Khurana**
Creditor and party in interest
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165,
matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**
Plaintiff,

v.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Defendant.

Case No. **2:26-cv-00187-SAB**

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Plaintiff Praveen K. Khurana, proceeding pro se, responds to Defendant's Statement of Material Facts as follows. Plaintiff admits those portions that accurately describe documents or chronology contained in the Administrative Record but disputes Defendant's legal conclusions, inferences, and characterizations concerning disability onset, LTD coverage, termination of coverage, and exhaustion.

**1. ADMIT.** Plaintiff submitted a claim for benefits from the Ryder Short-Term Disability Plan on October 25, 2023, identified as Claim No. 14892253. **AR Lincoln/Khurana 174.** The same claim note records Plaintiff's last day worked as October 23, 2023 and his date of disability as October 24, 2023. **AR Lincoln/Khurana 174.**

001-842 - Khurana.pdf

**2. ADMIT IN PART.** Lincoln issued its November 23, 2023 denial under the STD Plan's pre-existing-condition exclusion. **AR Lincoln/Khurana 541-543.** Plaintiff denies any implication that this denial established that disability did not begin in October 2023. Lincoln expressly stated that Plaintiff's effective date of coverage was May 19, 2023 and that his disability occurred on **October 24, 2023. AR Lincoln/Khurana 541-542.**

001-842 - Khurana.pdf

**3. ADMIT.** Lincoln's November 23, 2023 letter advised Plaintiff of his right to seek administrative review within 180 days. **AR Lincoln/Khurana 542.**

001-842 - Khurana.pdf

**4. ADMIT.** Lincoln received Plaintiff's written request for reconsideration on November 29, 2023. Defendant cites **AR Lincoln/Khurana 529.** Lincoln's later February 16, 2024 appeal decision likewise confirms receipt of Plaintiff's written reconsideration request on November 29, 2023. **AR Lincoln/Khurana 291.**

001-842 - Khurana.pdf

**5. ADMIT IN PART.** Lincoln issued its February 16, 2024 STD appeal decision maintaining the denial. **AR Lincoln/Khurana 290-294.** Plaintiff denies any implication that this decision erased the October 2023 disability chronology. That same decision expressly states that Plaintiff's last day worked was October 23, 2023 and his **date of disability was October 24, 2023. AR Lincoln/Khurana 290.**

001-842 - Khurana.pdf

Lincoln further acknowledged that Plaintiff stopped working in October 2023 following a reported syncopal event and failed DOT examination. **AR Lincoln/Khurana 291.**

001-842 - Khurana.pdf

**6. ADMIT.** Lincoln received a March 11, 2024 letter from Plaintiff's then-counsel, John V. Tucker, concerning the STD determination. Defendant cites **AR Lincoln/Khurana 268-271.** Lincoln's March 28 response expressly identifies the March 11 correspondence as a request for reconsideration. **AR Lincoln/Khurana 266.**

001-842 - Khurana.pdf

**7. ADMIT only as to Lincoln's March 28, 2024 correspondence.** Lincoln advised Tucker that the administrative review of **STD Claim No. 14892253** had been exhausted and that no further STD review would be conducted. **AR Lincoln/Khurana 266-267.** 001-842 - Khurana.pdf Plaintiff denies any implication that exhaustion of the earlier STD claim resolved or exhausted the later LTD claim.

**8. ADMIT.** Lincoln received a May 13, 2024 communication from Tucker submitting Plaintiff's claim for LTD benefits. **AR Lincoln/Khurana 181.**

**9. ADMIT.** Lincoln began processing Plaintiff's LTD Claim No. 15775111. **AR Lincoln/Khurana 135.** That record states that Lincoln's claims personnel were instructed to create an LTD claim based on the attorney's request. **AR Lincoln/Khurana 135.**

001-842 - Khurana.pdf

Plaintiff further notes that Lincoln's May 28, 2024 LTD investigation expressly described Plaintiff as **"identified as eligible for LTD buy-up coverage"** and recorded his **Date of Disability as April 9, 2024. AR Lincoln/Khurana 127, 132.**

**10. ADMIT IN PART.** Lincoln received information from Ryder on May 28, 2024 that Plaintiff returned to work in March 2024 and was terminated on April 12, 2024. Defendant cites **AR Lincoln/Khurana 131.** That page reflects Ryder stating Plaintiff returned March 6 and was terminated April 12. **AR Lincoln/Khurana 131.**

001-842 - Khurana.pdf

Plaintiff denies that this establishes April 13, 2024 as his contractual date of disability.

**11. ADMIT only that Lincoln received the referenced Ryder communication.** Defendant cites **AR Lincoln/Khurana 130.** Ryder stated that Plaintiff had been cleared for return on March 6, had passed a DOT physical, subsequently started working, and was later terminated. **AR Lincoln/Khurana 130.**

001-842 - Khurana.pdf

Plaintiff denies that Ryder's speculation—"I don't see how an LTD claim would be open for him now"—constitutes a medical or contractual determination of Plaintiff's disability date. **AR Lincoln/Khurana 130.**

Moreover, Lincoln's own contemporaneous LTD investigation identified Plaintiff as eligible for Buy-Up coverage and assigned a **Date of Disability of April 9, 2024. AR Lincoln/Khurana 127, 132.**

**12. ADMIT only as to the underlying communication.** Defendant cites **AR Lincoln/Khurana 126.** Ryder actually stated that Plaintiff was paid after the March 6 return date and that his pay **"Looks like" it started March 17, 2024. AR Lincoln/Khurana 126.**

001-842 - Khurana.pdf

Plaintiff denies that payroll timing establishes the date of disability under the LTD Policy.

**13. ADMIT IN PART.** Ryder informed Lincoln on May 31, 2024 that Plaintiff's last day worked was April 12, 2024 and Ryder considered benefits ended on April 12. **AR Lincoln/Khurana 091.**

001-842 - Khurana.pdf

Plaintiff denies that this resolves whether Plaintiff's disability **originated before termination**. Lincoln's own Policy provides that termination is "without prejudice to any claim originating prior to the time of termination." **AR Lincoln/Khurana 099.**

001-842 - Khurana.pdf

**14. ADMIT.** Lincoln issued its LTD denial letter dated June 10, 2024. **AR Lincoln/Khurana 097-100.**

Plaintiff specifically disputes the reasonableness of the factual premise used in that denial. Lincoln stated:

"Since Mr. Khurana's date of disability is April 13, 2024 and he was terminated on April 12, 2024, we are unable to approve his claim."

**AR Lincoln/Khurana 099.**

001-842 - Khurana.pdf

That conclusion directly conflicts with Lincoln's own May 28 LTD investigation identifying Plaintiff's **Date of Disability as April 9, 2024. AR Lincoln/Khurana 127, 132.**

001-842 - Khurana.pdf

**15. ADMIT.** Lincoln's June 10, 2024 denial advised Plaintiff of his right to request administrative review within 180 days. **AR Lincoln/Khurana 099.** The letter further invited Plaintiff to submit proof of LTD coverage effective at the time of disability and any additional supporting information. **AR Lincoln/Khurana 099-100.**

001-842 - Khurana.pdf

**16. ADMIT IN PART; DENY DEFENDANT'S CHARACTERIZATION.** Lincoln received Tucker's August 26, 2024 submission. Defendant cites **AR Lincoln/Khurana 082-086.**

The document is expressly captioned:

**"Notice of Intent to Appeal & Request for Documents."**

It states:

"This letter shall serve as our client's Notice of Intent to Appeal your company's denial letter dated June 10, 2024."

**AR Lincoln/Khurana 082.**

001-842 - Khurana.pdf

Counsel requested the entire claim file, all material submitted, considered, generated or relied upon, records demonstrating compliance with administrative safeguards, internal policies and guidance, medical and vocational material, internal communications, the LTD Policy, Summary Plan Description, coverage class and other information necessary to prepare the appeal. **AR Lincoln/Khurana 083-086.**

Plaintiff admits counsel asked Lincoln not to begin substantive review until counsel completed the appeal package. Plaintiff denies that this language nullified the expressly stated **Notice of Intent to Appeal.**

**17. QUALIFIED ADMISSION.** Defendant states that no further communication was received from Plaintiff or Tucker until December 2025 and cites **AR Lincoln/Khurana 052-055, 073-096, and 101-784**, while stating that **Lincoln/Khurana 056-072** were excluded because they were generated or submitted in 2025 or 2026.

Plaintiff admits that the present Administrative Record does not show another completed LTD appeal package from Tucker during the remaining 2024 period.

Plaintiff denies, however, the inference that no administrative review was invoked. The Record itself contains Tucker's August 26 submission expressly directed to Lincoln's **Appeal Review Unit**, expressly titled a **Notice of Intent to Appeal**, and expressly stating that the letter served as Plaintiff's Notice of Intent to Appeal. **AR Lincoln/Khurana 074; see also AR Lincoln/Khurana 082.**

The record also confirms that Tucker transmitted the submission by fax and certified mail. **AR Lincoln/Khurana 074, 081-082.**

**18. DENY AS STATED.** Defendant cites **AR Lincoln/Khurana 099 and 082** and characterizes the appeal period as simply having expired without an appeal.

Plaintiff admits Lincoln's June 10 letter stated that a written review request must be submitted within 180 days. **AR Lincoln/Khurana 099-100.**

001-842 - Khurana.pdf

However, within that period, Tucker sent Lincoln's Appeal Review Unit a written submission explicitly stating:

"This letter shall serve as our client's Notice of Intent to Appeal your company's denial letter dated June 10, 2024."

**AR Lincoln/Khurana 082.**

001-842 - Khurana.pdf

The same letter requested that substantive processing be delayed while counsel assembled the full appeal package and requested the entire claim file needed to complete that process. **AR Lincoln/Khurana 082-086.**

Accordingly, whether that timely written Notice legally satisfied or invoked the administrative-review process is a **legal question**, not an undisputed material fact.

## ADDITIONAL ADMINISTRATIVE-RECORD FACTS MATERIAL TO DEFENDANT'S MOTION

Plaintiff further identifies the following portions of Lincoln's own Administrative Record that are material to Defendant's request for summary judgment:

1. Lincoln's October 2023 claim notes recorded **LDW 10/23/23 and DOD 10/24/23. AR Lincoln/Khurana 174.**
2. Lincoln's February 16, 2024 appeal decision again stated Plaintiff's **last day of work was October 23, 2023 and date of disability was October 24, 2023. AR Lincoln/Khurana 290.**
3. Lincoln acknowledged that Plaintiff stopped working in October 2023 following a reported syncopal event and failed DOT examination. **AR Lincoln/Khurana 291.**
4. Lincoln expressly stated in May 2024 that Plaintiff was **"identified as eligible for LTD buy-up coverage." AR Lincoln/Khurana 127, 132.**
5. Lincoln expressly identified Plaintiff's LTD **Date of Disability as April 9, 2024. AR Lincoln/Khurana 127, 132.**
6. Lincoln's later June 10 denial instead used **April 13, 2024** as the disability date without explaining why April 9 was rejected. **AR Lincoln/Khurana 099.**
7. The Administrative Record therefore contains at least two inconsistent LTD disability dates, and Lincoln's earlier STD record contains the October 24, 2023 disability chronology.
8. Tucker timely transmitted a written **Notice of Intent to Appeal** directly to Lincoln's Appeal Review Unit by fax and certified mail. **AR Lincoln/Khurana 074-081, 082-086.**

001-842 - Khurana.pdf

**CONCLUSION**

Defendant's Statement of Material Facts establishes portions of the procedural chronology, but it does not establish the two propositions necessary for Defendant's requested judgment: that Plaintiff's disability indisputably first arose after termination and that Plaintiff wholly failed to invoke administrative review.

The Administrative Record itself contains contrary evidence, including **Lincoln/Khurana 127 and 132**, identifying Plaintiff as eligible for LTD Buy-Up coverage and fixing the LTD Date of Disability at **April 9, 2024**, three days before the April 12 termination. Lincoln's later reliance upon April 13 appears at **Lincoln/Khurana 099**, but the denial does not reconcile the conflicting dates.

DATED this 31st day of AUGUST, 2026.

**PRAVEEN K. KHURANA**
Plaintiff, Pro