PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165
matman00us@yahoo.com

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 3 1 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-00187-SAB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

---

## I. INTRODUCTION

Lincoln's opposition does not resolve the central defect in its June 10, 2024 denial of Plaintiff's Long-Term Disability (LTD) claim. Lincoln contends that Plaintiff became disabled on April 13, 2024, one day after Ryder terminated his employment on April 12, 2024, and therefore was no longer covered when disability began. But Lincoln's own contemporaneous Administrative Record contains a materially different disability date.

On May 28, 2024, while Lincoln was investigating LTD Claim No. 15775111, Lincoln's claims personnel advised Ryder that Plaintiff had been "identified as eligible for LTD buy-up coverage" and recorded his "Date of Disability" as April 9, 2024. AR Lincoln/Khurana 127; see also AR Lincoln/Khurana 132.

April 9 precedes the April 12 termination. Yet Lincoln's June 10 denial later used April 13, 2024 as the operative disability date and denied the claim because that date followed

termination. AR Lincoln/Khurana 097-100, particularly AR 099. Lincoln's opposition does not adequately reconcile those two dates.

Lincoln's newly filed Declaration of Kayla Bick reinforces the point that this case is not about whether Plaintiff ever possessed LTD coverage. Bick states under penalty of perjury that Plaintiff "was a participant in the LTD Plan, was covered under the Policy and Certificate, and submitted a claim for benefits from the LTD Plan." ECF No. 20-1 ¶ 4 (duplicate declaration also filed at ECF No. 18-1). The dispute is when Plaintiff's disability or claim originated and whether Lincoln reasonably applied the Policy to its own record.

The Court should grant Plaintiff's Motion because Lincoln's dispositive April 13 premise is inconsistent with its contemporaneous record. Alternatively, if the Court concludes that the record does not permit an immediate benefits award or that the administrative appeal was not completed, Plaintiff requests remand for a full and fair LTD review rather than judgment validating the June 10 denial.

## II. LINCOLN'S OWN CONTEMPORANEOUS RECORD IDENTIFIES APRIL 9, 2024 AS THE LTD DISABILITY DATE

Lincoln repeatedly characterizes April 13, 2024 as Plaintiff's disability date. That characterization is not an undisputed administrative fact.

During the LTD investigation, Lincoln identified Claim No. 15775111, Plaintiff Praveen Khurana, and a "Date of Disability: 4/9/2024," while also stating that Plaintiff had been "identified as eligible for LTD buy-up coverage." AR Lincoln/Khurana 127; see also AR Lincoln/Khurana 132.

Lincoln's June 10 denial later stated:

> "Since Mr. Khurana's date of disability is April 13, 2024 and he was terminated on April 12, 2024, we are unable to approve his claim." AR Lincoln/Khurana 099.

The denial does not explain who changed the disability date, what evidence established April 13 rather than April 9, or why the contemporaneous April 9 entry was rejected. Because the entire coverage denial turns on the selected date, this inconsistency is material.

## III. BICK'S DECLARATION CONFIRMS COVERAGE BUT DOES NOT CURE THE DATE CONFLICT

Lincoln submitted substantially duplicate declarations from Kayla Bick at ECF Nos. 18-1 and 20-1. Plaintiff does not rely on the duplication as a basis for relief; instead, Plaintiff relies on the substance of Bick's sworn statements.

First, Bick states that Plaintiff was an eligible Ryder employee, was a participant in the LTD Plan, and "was covered under the Policy and Certificate." ECF No. 20-1 ¶ 4. Thus, Lincoln's present position should not be understood as asserting that Plaintiff never had LTD coverage. Its position depends on the narrower proposition that coverage had terminated before the operative disability began.

Second, Bick states that Exhibits 1 and 3 contain the materials Lincoln reviewed in considering Plaintiff's disability claim, while Exhibit 2 is Lincoln's June 10, 2024 denial. ECF No. 20-1 ¶ 3. The Court therefore can evaluate Lincoln's asserted rationale against the Administrative Record Lincoln itself represents as the material it considered.

Third, Bick identifies the relevant period using April 13, 2024 as the starting date. ECF No. 20-1 ¶ 8. But a litigation declaration adopting April 13 does not explain why Lincoln's contemporaneous claim handling reflected April 9. Nor can a post-litigation declaration substitute for an explanation absent from the June 10 determination.

Finally, Bick describes management checks and procedures intended to promote accurate and consistent claim handling. ECF No. 20-1 ¶¶ 5-9. Those general procedures may bear on the weight assigned to Lincoln's structural conflict, but they do not reconcile the specific inconsistency in Plaintiff's claim record.

## IV. THE RECORD SHOWS A DISABILITY HISTORY ORIGINATING WHILE PLAINTIFF WAS COVERED

Lincoln's opposition also understates the earlier disability chronology. Lincoln's October 2023 claim notes recorded a last day worked of October 23, 2023 and a disability date of October 24, 2023. AR Lincoln/Khurana 174.

Lincoln's February 16, 2024 STD appeal determination again stated that Plaintiff's last day worked was October 23, 2023 and his date of disability was October 24, 2023. AR Lincoln/Khurana 290. Lincoln also recorded that Plaintiff stopped working following a reported syncopal event, failed the DOT medical examination, and continued treatment. AR Lincoln/Khurana 291-292.

Plaintiff recognizes that the STD claim and LTD claim are distinct and that the STD denial does not automatically establish LTD entitlement. The October chronology nevertheless matters because it contradicts any suggestion that Plaintiff first asserted a disabling condition only after termination. It also provides context for determining whether the later LTD claim originated while coverage was in force.

## V. RETURN TO WORK AND TERMINATION DO NOT BY THEMSELVES ESTABLISH APRIL 13 AS THE DISABILITY DATE

Ryder informed Lincoln that Plaintiff returned to work in March 2024 and that Ryder terminated his employment on April 12, 2024. AR Lincoln/Khurana 130-131; see also AR Lincoln/Khurana 091.

Plaintiff does not dispute the April 12 termination date for purposes of this Reply. What is disputed is Lincoln's inference that disability therefore necessarily began April 13.

Lincoln's own May 28 investigation contradicts that inference by recording April 9 as the LTD disability date. AR Lincoln/Khurana 127, 132. Further, the Policy language quoted in Lincoln's denial states that termination is without prejudice to a claim originating before termination. AR Lincoln/Khurana 099.

Accordingly, the relevant question is not merely whether Plaintiff remained employed on April 13. The relevant question is whether the claim or disability originated while coverage remained in force. Lincoln's June 10 denial assumed the answer by selecting April 13 without reconciling the contrary April 9 entry.

## VI. LINCOLN OVERSTATES THE DEFERENCE OWED TO ITS DETERMINATION

Lincoln relies heavily on deferential abuse-of-discretion review. Even where discretionary authority exists, however, Ninth Circuit law requires the Court to weigh an administrator's structural conflict and relevant procedural circumstances in determining whether discretion was abused. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965, 972 (9th Cir. 2006) (en banc).

Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 674-76 (9th Cir. 2011). further explains that the former "any reasonable basis" formulation is not the governing test for a conflicted administrator. The Court examines the quality of the administrator's reasoning and the circumstances surrounding the determination.

Here, Lincoln both administered the claim and insured the benefits. Bick's declaration describes procedures designed to mitigate that conflict, ECF No. 20-1 ¶¶ 5-9, but those procedures do not eliminate the need to examine the actual decision. The actual record contains inconsistent disability dates, and the June 10 denial does not explain the inconsistency.

## VII. PLAINTIFF TIMELY INVOKED THE APPEAL PROCESS; AT MINIMUM, REMAND IS PREFERABLE TO A TAKE-NOTHING JUDGMENT

Lincoln argues that Plaintiff failed to exhaust administrative remedies. The record establishes, however, that Plaintiff's then-counsel timely sent an eight-page submission to Lincoln's Appeal Review Unit on August 26, 2024. AR Lincoln/Khurana 082-086.

The submission was captioned "Notice of Intent to Appeal & Request for Documents" and expressly stated: "This letter shall serve as our client's Notice of Intent to Appeal your

company's denial letter dated June 10, 2024." AR Lincoln/Khurana 082. It requested the complete claim file and materials necessary to prepare the administrative appeal. AR Lincoln/Khurana 083-086.

Plaintiff acknowledges that counsel asked Lincoln not to begin substantive review until counsel advised that the appeal package was complete. Plaintiff therefore does not ask the Court to ignore Lincoln's exhaustion argument. But Lincoln overstates the record when it characterizes Plaintiff as having simply failed to invoke review at all.

ERISA exhaustion is generally required in the Ninth Circuit. Diaz v. United Agricultural Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483-84 (9th Cir. 1995). If the Court determines that counsel's timely Notice of Intent did not technically complete the administrative appeal, the appropriate alternative relief is remand for a full and fair LTD review. Such a remand would permit Lincoln to decide the matters its threshold June 10 denial never reached, including the correct onset date, the significance of the April 9 entry, and Plaintiff's entitlement under the Own Occupation provisions.

## VIII. THE SSA DETERMINATION IS NOT BINDING, BUT IT IS RELEVANT INDEPENDENT EVIDENCE OF PLAINTIFF'S DISABILITY

Lincoln argues that Plaintiff's October 21, 2025 Social Security Administration disability determination should not be considered because it post-dates Lincoln's June 10, 2024 LTD denial and was not part of the Administrative Record at the time of that decision.

Plaintiff does not contend that the SSA determination is binding upon Lincoln or that an SSA disability determination automatically establishes entitlement to benefits under Lincoln's LTD Policy. The standards governing Social Security disability and the LTD Policy are not identical. That does not make the SSA determination irrelevant.

The SSA determination constitutes an independent governmental evaluation of Plaintiff's disabling medical conditions. It is particularly relevant here because Lincoln did not deny

Plaintiff's LTD claim after reaching a substantive medical or vocational determination that Plaintiff was capable of performing his occupation. Instead, Lincoln stopped at a threshold coverage determination based upon its selection of April 13, 2024 as the disability date. AR Lincoln/Khurana 097-100.

Lincoln therefore never reached the substantive question whether Plaintiff's medical conditions rendered him disabled under the LTD Policy's applicable occupational definition. The SSA determination is relevant corroborative evidence concerning that unresolved question. It was rendered by an independent adjudicative body rather than by Plaintiff, his attorney, or a retained litigation expert.

Plaintiff does not rely upon the SSA determination to create the principal defect in Lincoln's June 10, 2024 decision. That defect already appears within Lincoln's own Administrative Record. Lincoln identified Plaintiff as eligible for LTD Buy-Up coverage and recorded an LTD disability date of April 9, 2024, AR Lincoln/Khurana 127, 132, but subsequently relied upon April 13, 2024 to deny coverage. AR Lincoln/Khurana 099.

Accordingly, even if the Court determines that the SSA decision cannot be used to evaluate whether Lincoln abused its discretion based upon the record before Lincoln in June 2024, the Court need not characterize the SSA determination as irrelevant for all purposes. At minimum, it constitutes independent corroborative evidence of Plaintiff's claimed disability and may be particularly relevant if the Court remands the claim to Lincoln for the substantive disability determination that Lincoln never performed.

## IX. LINCOLN'S LITIGATION SUBMISSIONS CANNOT REPLACE THE REASONING IN THE JUNE 10 DENIAL

The Court is reviewing the reasonableness of Lincoln's actual benefits determination. The June 10 denial states that Plaintiff was terminated April 12, selects April 13 as the disability date, and denies coverage. AR Lincoln/Khurana 097-100.

It does not explain the April 9 entry at AR 127/132, does not reconcile the earlier disability chronology, and does not identify medical evidence establishing why disability first began on April 13. Bick's 2026 declaration and counsel's briefing may explain Lincoln's litigation position, but they do not change what the Administrative Record shows about the reasoning actually given in 2024.

## X. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court GRANT Plaintiff's Motion for Summary Judgment and determine that Lincoln's June 10, 2024 denial cannot be sustained on the rationale stated in that decision.

Plaintiff further requests that the Court deny Lincoln's request for a take-nothing judgment and attorneys' fees. If the Court concludes that the Administrative Record does not permit an immediate determination of benefits, or that Plaintiff's administrative appeal was not technically completed, Plaintiff alternatively requests remand to Lincoln for a full and fair LTD administrative review addressing the correct disability-onset date and Plaintiff's entitlement under the Policy.

DATED this 31st day of AUGUST, 2026.

Respectfully submitted,

PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165
matman00us@yahoo.com

PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165
matman00us@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **Case No. 2:26-cv-00187-SAB**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Defendant's Motion should be denied because the Administrative Record does not establish the simple and undisputed chronology upon which Defendant's Motion depends. Lincoln argues that Plaintiff's disability began on April 13, 2024, one day after Ryder terminated his employment on April 12, and therefore concludes that Plaintiff was no longer insured when disability began. But Lincoln's own contemporaneous Administrative Record contains a materially different determination.

On May 28, 2024, Lincoln's LTD Claims Specialist stated that Plaintiff had been "identified as eligible for LTD buy-up coverage" and recorded Plaintiff's Date of Disability as April 9, 2024. AR Lincoln/Khurana 127; see also AR Lincoln/Khurana 132. April 9 precedes the

April 12 termination. Lincoln's June 10 denial later used April 13 as the operative date without adequately explaining the change. AR Lincoln/Khurana 097-100.

Lincoln's own declarant, Kayla Bick, also states that Plaintiff was an eligible Ryder employee, was a participant in the LTD Plan, and "was covered under the Policy and Certificate." ECF No. 20-1 ¶ 4 (duplicate declaration also filed at ECF No. 18-1). Thus, this is not a case in which Plaintiff never possessed LTD coverage. The dispute is when disability or the claim originated and whether Lincoln reasonably applied the Policy to the record.

Lincoln's exhaustion argument likewise does not warrant a take-nothing judgment. Plaintiff's then-counsel timely sent Lincoln's Appeal Review Unit a written "Notice of Intent to Appeal & Request for Documents," expressly stating that it served as Plaintiff's notice of intent to appeal the June 10 denial and requesting the claim materials necessary to prepare the administrative submission. AR Lincoln/Khurana 082-086.

At minimum, if the Court determines that the administrative appeal was not technically completed, the appropriate alternative relief is remand for a full and fair LTD review rather than judgment validating a denial founded upon a disputed disability date.

## II. THE ADMINISTRATIVE RECORD DOES NOT ESTABLISH APRIL 13, 2024 AS AN UNDISPUTED DISABILITY DATE

Lincoln's Motion depends upon the proposition that Plaintiff worked through April 12, 2024, was terminated that day, and first became disabled on April 13. The defect is the third proposition.

Lincoln's May 28, 2024 LTD investigation identifies Claim No. 15775111 and records "Date of Disability: 4/9/2024," while stating Plaintiff had been identified as eligible for LTD buy-up coverage. AR Lincoln/Khurana 127; see also AR Lincoln/Khurana 132.

Lincoln's June 10 denial later stated:

"Since Mr. Khurana's date of disability is April 13, 2024 and he was terminated on April 12, 2024, we are unable to approve his claim." AR Lincoln/Khurana 099.

The denial does not explain who changed the date, what medical or vocational evidence established April 13 rather than April 9, or why the contemporaneous April 9 entry was rejected. Because Lincoln's coverage denial turns on that date, the inconsistency is material.

## III. LINCOLN'S OWN RECORD SHOWS A DISABILITY HISTORY ORIGINATING WHILE PLAINTIFF WAS COVERED

Lincoln's earlier claim records show that Plaintiff asserted disability well before his April 2024 termination. Lincoln's October 2023 claim notes recorded a last day worked of October 23, 2023 and a disability date of October 24, 2023. AR Lincoln/Khurana 174.

Lincoln's February 16, 2024 STD appeal determination again stated that Plaintiff's last day worked was October 23, 2023 and his date of disability was October 24, 2023. AR Lincoln/Khurana 290. Lincoln also recorded that Plaintiff stopped working after a reported syncopal event, failed the DOT medical examination, and continued treatment. AR Lincoln/Khurana 291-292.

Plaintiff recognizes that the STD and LTD claims are distinct and that the STD denial does not automatically establish LTD entitlement. The chronology nevertheless undermines any suggestion that Plaintiff first asserted a disabling condition only after termination and is relevant to whether the later LTD claim or disabling condition originated while coverage remained in force.

## IV. THE JUNE 10 DENIAL DID NOT CONDUCT A SUBSTANTIVE LTD MEDICAL OR VOCATIONAL ANALYSIS

Lincoln did not deny the LTD claim after determining, through a substantive medical or vocational analysis, that Plaintiff was capable of performing the material and substantial duties

of his Own Occupation. Instead, Lincoln stopped at a threshold contractual coverage determination: it selected April 13 as the disability date, noted the April 12 termination, and denied the claim. AR Lincoln/Khurana 097-100.

That distinction is important. The June 10 denial does not identify a medical basis establishing that disability first began April 13, does not reconcile the April 9 LTD date in Lincoln's own contemporaneous records, and does not perform the substantive LTD disability analysis that would ordinarily determine whether Plaintiff satisfied the Policy's occupational definition.

## V. BICK'S DECLARATION CONFIRMS COVERAGE BUT DOES NOT CURE THE ADMINISTRATIVE-RECORD CONFLICT

Bick states under penalty of perjury that Plaintiff "was a participant in the LTD Plan, was covered under the Policy and Certificate, and submitted a claim for benefits from the LTD Plan." ECF No. 20-1 ¶ 4. Her declaration therefore confirms that Plaintiff possessed LTD coverage; Lincoln's defense depends upon when that coverage ceased in relation to the onset of disability.

Bick also states that Lincoln's submitted exhibits contain the materials Lincoln reviewed in considering Plaintiff's disability claim. ECF No. 20-1 ¶ 3. That representation permits the Court to compare Lincoln's litigation position with the contemporaneous Administrative Record.

Bick's declaration adopts April 13, 2024 as the beginning of the relevant claim period. ECF No. 20-1 ¶ 8. But a 2026 litigation declaration does not explain why Lincoln's 2024 claim handling reflected April 9. Nor do Bick's general statements about management checks and claims procedures, ECF No. 20-1 ¶¶ 5-9, reconcile the specific date inconsistency in Plaintiff's claim.

## VI. LINCOLN OVERSTATES THE DEFERENCE OWED TO ITS DETERMINATION

Lincoln relies on deferential abuse-of-discretion review. Under controlling Ninth Circuit law, however, where an administrator both administers and funds benefits, the structural conflict must be weighed as a factor, together with relevant procedural circumstances, in determining whether discretion was abused. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965, 972 (9th Cir. 2006) (en banc).

Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 674-76 (9th Cir. 2011). explains that the former "any reasonable basis" formulation is not the governing approach for a conflicted administrator. The Court examines the quality and consistency of the decision-making process.

Here, the decisive April 13 date is contradicted by Lincoln's own contemporaneous April 9 entry, and the June 10 denial does not explain that conflict. Bick's description of procedures intended to promote fair and accurate claim handling may bear on the weight assigned to the structural conflict, but it does not eliminate the need to examine the actual decision.

## VII. PLAINTIFF TIMELY INVOKED THE ADMINISTRATIVE REVIEW PROCESS

Lincoln argues that Plaintiff failed to exhaust administrative remedies. The Administrative Record establishes, however, that on August 26, 2024, within the 180-day period. Plaintiff's then-counsel sent an eight-page submission directly to Lincoln's Appeal Review Unit. AR Lincoln/Khurana 082-086.

The submission was expressly titled "Notice of Intent to Appeal & Request for Documents" and stated: "This letter shall serve as our client's Notice of Intent to Appeal your company's denial letter dated June 10, 2024." AR Lincoln/Khurana 082. Counsel requested the

complete claim file, plan materials, internal guidance, communications, medical and vocational material, coverage information, and other documents necessary to prepare the appeal. AR Lincoln/Khurana 083-086.

Plaintiff acknowledges that counsel requested that Lincoln not begin substantive review until counsel advised that the appeal package was complete. Plaintiff therefore does not ask the Court to disregard the exhaustion issue. But Lincoln overstates the record when it characterizes Plaintiff as simply having failed to invoke review at all.

If the Court determines that the timely Notice of Intent did not technically complete the administrative appeal, Plaintiff alternatively requests remand for a full and fair administrative review rather than a take-nothing judgment.

## VIII. THE SSA DETERMINATION IS NOT BINDING, BUT IT IS RELEVANT INDEPENDENT EVIDENCE

Lincoln argues that Plaintiff's October 21, 2025 Social Security Administration disability determination should not be considered because it post-dates Lincoln's June 10, 2024 LTD denial and was not before Lincoln when that denial was made.

Plaintiff does not contend that the SSA determination is binding upon Lincoln or this Court, or that an SSA disability determination automatically establishes entitlement to LTD benefits under Lincoln's Policy. The governing standards are not identical. That does not make the SSA determination irrelevant.

The SSA determination constitutes an independent governmental evaluation of Plaintiff's disabling medical conditions. Its relevance is particularly significant here because Lincoln never reached a substantive medical or vocational determination of Plaintiff's LTD claim. Lincoln did not determine, after a substantive medical and vocational analysis, that Plaintiff was capable of performing the material and substantial duties of his Own Occupation. Instead, Lincoln denied

the LTD claim at the threshold based upon its selection of April 13, 2024 as the disability date and its conclusion that Plaintiff's coverage had terminated the preceding day. AR Lincoln/Khurana 097-100.

Thus, this case does not present competing substantive disability determinations by Lincoln and SSA. Lincoln made no substantive LTD disability determination to compare with SSA's later independent determination.

Plaintiff recognizes that the SSA determination post-dates Lincoln's June 10, 2024 decision and therefore was not evidence Lincoln could have considered when making that decision. Plaintiff does not rely upon the SSA determination to retroactively establish that Lincoln abused its discretion based upon evidence unavailable to Lincoln in June 2024.

Rather, the principal defect in Lincoln's decision is established by Lincoln's own contemporaneous Administrative Record. Lincoln identified Plaintiff as eligible for LTD Buy-Up coverage and recorded an LTD disability date of April 9, 2024, AR Lincoln/Khurana 127, 132, but subsequently relied upon April 13, 2024 to deny coverage. AR Lincoln/Khurana 099.

The SSA determination is additional independent corroborative evidence concerning Plaintiff's disability and is particularly relevant to the appropriate remedy. If the Court remands the claim for the substantive LTD evaluation Lincoln never performed, the SSA determination is relevant evidence for consideration in that process.

## IX. PLAINTIFF MAY MAINTAIN ALTERNATIVE ERISA THEORIES WITHOUT DUPLICATE RECOVERY

Lincoln also seeks judgment on Plaintiff's equitable-relief theory under 29 U.S.C. § 1132(a)(3). The Ninth Circuit permits claims under §§ 1132(a)(1)(B) and 1132(a)(3) to be pursued as alternative theories, although a plaintiff may not obtain duplicate recovery. Moyle v. Liberty Mutual Retirement Benefit Plan, 823 F.3d 948, 961-62 (9th Cir. 2016), as amended.

Plaintiff does not seek double recovery. To the extent the Court ultimately determines that an award of benefits under § 1132(a)(1)(B) fully remedies the alleged injury, the Court may address the need for separate equitable relief at the appropriate stage.

## X. AT MINIMUM, LINCOLN IS NOT ENTITLED TO A TAKE-NOTHING JUDGMENT

Lincoln's own materials establish that Plaintiff possessed LTD Buy-Up coverage; Lincoln recorded an April 9, 2024 LTD disability date; Plaintiff's employment ended April 12; Lincoln later used April 13 as the dispositive date without adequately reconciling the earlier entry; Lincoln's records reflect an earlier disability chronology beginning in October 2023; and Plaintiff's counsel timely sent Lincoln's Appeal Review Unit a written Notice of Intent to Appeal.

Those circumstances do not establish entitlement to a take-nothing judgment or attorneys' fees. At minimum, they require denial of Lincoln's Motion and, if the Court concludes further administrative findings are necessary, remand for the substantive LTD review Lincoln never performed.

## XI. CONCLUSION

Plaintiff respectfully requests that the Court DENY Defendant's Motion for Summary Judgment and Defendant's request for a take-nothing judgment and attorneys' fees; grant Plaintiff's pending Motion for Summary Judgment to the extent warranted by the Administrative Record; or, alternatively, remand Plaintiff's LTD claim to Lincoln for a full and fair administrative review addressing the proper disability-onset date and Plaintiff's entitlement under the LTD Policy.

DATED this 31st day of AUGUST, 2026.

Respectfully submitted,

PRAVEEN K. KHURANA
Plaintiff, Pro Se
9910 E. Appleway Boulevard, Unit D207
Spokane Valley, WA 99206
(208) 413-0165
matman00us@yahoo.com