FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 3 1 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Praveen K. Khurana
Plaintiff, Pro Se
9910 Appleway Blvd., Unit D207
Spokane Valley, WA 99206
Email: matman00us@yahoo.com | 208-413-0165

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-00187-SAB<br><br>PLAINTIFF'S MOTION TO EXPEDITE AND MOTION TO STRIKE ECF NOS. 18, 19, AND 20 FOR DEFECTIVE SERVICE, OR IN THE ALTERNATIVE FOR CURATIVE RELIEF AND SANCTIONS<br><br>WITHOUT ORAL ARGUMENT<br>Requested Consideration: September 22, 2026 |

**MOTION**

Plaintiff Praveen K. Khurana, appearing pro se, respectfully moves for an order striking or disregarding Defendant's filings at ECF Nos. 18, 19, and 20 because Defendant did not serve those filings at Plaintiff's last known address as required by Federal Rule of Civil Procedure 5 and LCivR 5. In the alternative, Plaintiff requests curative relief that does not delay adjudication of the pending summary-judgment motions, together with appropriate sanctions against counsel under LCivR 83.3(k)(1)(C) for failure to conform to the Local Rules.

Plaintiff requests expedited consideration under LCivR 7(i)(2)(C) so this motion may be considered on September 22, 2026, without oral argument, together with Plaintiff's already-pending summary-judgment motion. Good cause exists because the challenged service concerns Defendant's summary-judgment filings and the Court has already set Plaintiff's ECF No. 13 Motion for Summary Judgment for September 22, 2026. Plaintiff does not seek to postpone that date. Defendant's position on expedited consideration is Unknown.

## I. FACTUAL BACKGROUND

1. Plaintiff previously used an address on South Jefferson Street in Spokane, Washington.

2. On July 17, 2026, Plaintiff filed a formal Notice of Change of Address at ECF No. 12. The filed notice states that Plaintiff's current mailing address is 9910 Appleway Blvd., Unit D207, Spokane Valley, WA 99206, and expressly requests that all future notices, orders, pleadings, and correspondence be sent to that address.

In addition, on July 14, 2026—three days before ECF No. 12 was entered—Plaintiff emailed the same change-of-address notice directly to Defendant's counsel, Iwana Rademaekers and Andrew Schpak, attaching the change-of-address document. A copy of that email is attached as Exhibit C. Thus, Defendant's counsel had direct email notice of Plaintiff's changed address in addition to notice through the Court docket.

3. The Court docket was updated. The current civil docket identifies Plaintiff at 9910 Appleway Blvd., Unit D207, Spokane, WA 99206. Defendant's counsel are registered CM/ECF/PACER users and had access to the docket containing Plaintiff's current address.

4. On August 24, 2026, Defendant filed ECF No. 18, its Motion for Summary Judgment on the Administrative Record and Opposition to Plaintiff's Motion for Summary Judgment, and ECF No. 19, its Statement of Material Facts.

5. Defendant's own Declarations of Service for ECF Nos. 18, 19, and 20 certify that on August 24, 2026, service was directed to "Praveen K. Khurana, PO Box 19519, Spokane, WA 99216," rather than Plaintiff's address of record at 9910 Appleway Blvd., Unit D207, Spokane Valley, WA 99206. True copies of those Declarations of Service are attached as Exhibits D, E, and F.

6. The service declarations are also internally inconsistent on their face. Each states that the filing was served "via Electronic Mail," but the recipient information printed immediately below identifies only Plaintiff by name and the obsolete P.O. Box mailing address, not Plaintiff's

email address. Plaintiff does not ask the Court to infer intentional falsity from that inconsistency; he asks the Court to consider the inconsistency together with the undisputed written notice of his correct address.

7. By August 24, 2026, defense counsel had received direct email notice of Plaintiff's new address on July 14, Plaintiff had formally filed ECF No. 12 on July 17, and the Court docket displayed the Appleway Boulevard address. The use of the obsolete P.O. Box more than a month later therefore occurred despite multiple sources identifying Plaintiff's current address.

## II. GOVERNING RULES

Federal Rule of Civil Procedure 5(a)(1)(D) requires service of every written motion. except one that may be heard ex parte. Rule 5(b)(2)(C) permits service by mail only by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C).

Eastern District of Washington LCivR 5(b) provides that the Notice of Electronic Filing constitutes service on filing users, but parties who are not filing users must be served with a paper copy in accordance with the Federal Rules of Civil Procedure. LCivR 5(d)(1) further requires each document required to be served to contain a certificate of service.

The Local Rules also recognize that a pro se litigant must keep the Court and opposing parties advised of a current mailing address. LCivR 41(b)(2). Plaintiff complied with that obligation by filing ECF No. 12 and causing the Court docket to reflect his current address.

## III. DEFENDANT DID NOT MAIL THE PAPERS TO PLAINTIFF'S LAST KNOWN ADDRESS

The relevant Rule 5 question is whether Defendant used Plaintiff's proper address for service after receiving notice of the change. Defendant's own service declarations identify PO Box 19519, Spokane, WA 99216. By August 24, however, Plaintiff had directly emailed counsel his change of address, ECF No. 12 had been filed for more than a month, and the Court docket

displayed 9910 Appleway Blvd., Unit D207, Spokane Valley, WA 99206. Exhibits A-F document that sequence.

The discrepancy is not based upon Plaintiff's recollection alone. It appears in Defendant's own signed Declarations of Service for ECF Nos. 18, 19, and 20. Those declarations also state service was made "via Electronic Mail" while listing the obsolete P.O. Box beneath Plaintiff's name rather than an email address. At minimum, the declarations do not establish service using the current contact information counsel had been provided.

Under these circumstances, Plaintiff respectfully submits that Defendant did not comply with the service requirements applicable to a pro se party who had formally updated his address. Any later actual receipt may bear on the remedy and degree of prejudice, but it does not erase the documented use of superseded contact information.

## IV. RELIEF IS WARRANTED, BUT PLAINTIFF REQUESTS ALTERNATIVE CURATIVE RELIEF IF THE COURT DECLINES TO STRIKE

Plaintiff requests that ECF Nos. 18, 19, and 20 be stricken or disregarded because Defendant failed to serve them in the manner required by Rule 5. Plaintiff recognizes, however, that striking dispositive filings is a substantial remedy and that the Court may prefer a remedy directed specifically at curing prejudice.

Accordingly, Plaintiff alternatively requests that the Court: (1) find that Defendant's mailing to the former address did not constitute proper Rule 5 service; (2) deem Plaintiff's opposition, response to Defendant's Statement of Material Facts, reply papers, and other responsive submissions timely and fully preserved; (3) decline to treat any factual contention advanced by Defendant as admitted, conceded, or undisputed merely because Plaintiff's response was delayed, incomplete, or otherwise affected by the defective service; (4) resolve disputed factual assertions from the Administrative Record itself rather than from any claimed procedural

default by Plaintiff; (5) where Defendant's factual characterization conflicts with evidence in its own Administrative Record, require Defendant to satisfy its burden under the applicable summary-judgment and ERISA standards rather than resolve the conflict against Plaintiff because of a procedural deficiency attributable to defective service; (6) order Defendant immediately to re-serve the challenged filings at Plaintiff's address of record and to use that address for all future service; and (7) preserve the existing summary-judgment schedule without extension or delay.

(8) impose an appropriate and proportionate sanction upon Defendant's counsel pursuant to LCivR 83.3(k)(1)(C) for the documented service deficiencies, including, as the Court deems appropriate, an admonition or reprimand, a directive requiring counsel to verify Plaintiff's address of record before future service, reimbursement of Plaintiff's reasonable documented out-of-pocket costs directly caused by the defective service, or such other remedial measure as the Court deems just.

This alternative relief would preserve prompt adjudication on the merits while preventing Defendant from obtaining a procedural advantage from use of an address that had already been formally superseded in the Court record. Plaintiff expressly does not request an extension of the pending summary-judgment schedule and asks that this service issue not delay disposition of the parties' pending motions.

## V. THE COURT SHOULD CONSIDER THE SERVICE DEFECT WHEN EVALUATING THE SUMMARY-JUDGMENT RECORD

Even if the Court does not strike ECF Nos. 18-20, the service history is relevant to management of the pending motions. Plaintiff acted affirmatively to update his address, while Defendant's counsel filed through the electronic docket that displayed the updated information.

Any delay or procedural irregularity in Plaintiff's response attributable to the misdirected mailing should therefore not be held against Plaintiff.

Plaintiff is not asking for judgment on the merits merely because Defendant used the wrong address. Plaintiff asks that the Court enforce the service rules, eliminate any prejudice, and decide the cross-motions for summary judgment on a complete record.

## VI. SANCTIONS AGAINST DEFENDANT'S COUNSEL ARE WITHIN THE COURT'S DISCRETION

LCivR 83.3(k)(1)(C) authorizes the Court, in its discretion, to impose appropriate discipline or sanctions for failure to conform to the Local Rules. Plaintiff requests a proportionate sanction against Defendant's counsel based on the documented service history: direct email notice on July 14, formal docket notice at ECF No. 12 on July 17, the updated address appearing on the Court docket, and counsel's August 24 Declarations of Service nevertheless identifying the obsolete PO Box 19519. Exhibits A-F.

The Court may also consider that all three Declarations of Service state that service occurred "via Electronic Mail," while the recipient block identifies a physical P.O. Box rather than Plaintiff's email address. Plaintiff does not characterize that inconsistency as intentional misconduct. He submits that it reinforces the need for a corrective order and an appropriate sanction sufficient to ensure accurate service going forward. Plaintiff requests that any sanction be proportionate and may include an admonition or reprimand, an order requiring counsel to verify Plaintiff's docket address before future service, reimbursement of documented costs directly caused by the defective service, or such other non-Rule-11 relief as the Court finds appropriate.

Plaintiff does not invoke Federal Rule of Civil Procedure 11 and does not seek Rule 11 sanctions through this motion. Plaintiff instead invokes the Court's authority under the Local

Rules and its authority to manage compliance with service requirements. Plaintiff expressly does not request any extension of the summary-judgment schedule as a sanction or remedy.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court STRIKE or DISREGARD ECF Nos. 18, 19, and 20 for defective service. Alternatively, Plaintiff requests an order finding the service defective; deeming Plaintiff's existing responsive filings timely and fully preserved; refusing to treat any factual assertion as admitted, conceded, or undisputed because of a procedural deficiency attributable to the defective service; requiring Defendant to use Plaintiff's address of record for all future service; imposing an appropriate proportionate sanction against Defendant's counsel; and granting such other relief as is just, without extending or delaying the existing summary-judgment schedule.

## DECLARATION OF PRAVEEN K. KHURANA

1. I am the Plaintiff in this action and make this declaration from personal knowledge.

2. On July 17, 2026, I filed the Notice of Change of Address at ECF No. 12 identifying my current address as 9910 Appleway Blvd., Unit D207, Spokane Valley, WA 99206.

3. The Court docket thereafter displayed that Appleway Boulevard address as my address of record.

4. Defendant filed ECF Nos. 18, 19, and 20 on August 24, 2026.

5. Defendant's Declarations of Service for ECF Nos. 18, 19, and 20 identify me at PO Box 19519, Spokane, WA 99216, rather than at my Appleway Boulevard address of record.

6. Before those August 24 filings, I had emailed my change-of-address notice directly to both defense attorneys on July 14, 2026, and I filed the Notice of Change of Address at ECF No. 12 on July 17, 2026.

7. The Declarations of Service state that service was made "via Electronic Mail," but the recipient information shown beneath my name is the obsolete P.O. Box and does not identify my email address.

8. Attached as Exhibits A through F are the docket materials, my ECF No. 12 Notice of Change of Address, my July 14 email to defense counsel, and Defendant's Declarations of Service for ECF Nos. 18, 19, and 20.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Spokane Valley, Washington, on August 31st, 2026.

PRAVEEN K. KHURANA
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2026, I served a true and correct copy of the foregoing Motion, Declaration, proposed order, and Exhibits A-F by electronic mail upon Defendant's counsel of record as follows:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Email: iwana@rademaekerslaw.com

Andrew M. Schpak
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, OR 97204
Email: aschpak@barran.com
/s/ Praveen K. Khurana
PRAVEEN K. KHURANA
Plaintiff, Pro Se

Executed at Spokane Valley, Washington, on August 31st, 2026.

PRAVEEN K. KHURANA
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-00187-SAB<br><br>PLAINTIFF'S MOTION TO EXPEDITE AND MOTION TO STRIKE ECF NOS. 18, 19, AND 20 FOR DEFECTIVE SERVICE, OR IN THE ALTERNATIVE FOR CURATIVE RELIEF AND SANCTIONS<br><br>WITHOUT ORAL ARGUMENT<br>Requested Consideration: September 22, 2026 |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE, FOR CURATIVE RELIEF, AND FOR SANCTIONS

The Court has reviewed Plaintiff's Motion to Expedite and Motion to Strike ECF Nos. 18, 19, and 20 for Defective Service, or in the Alternative for Curative Relief and Sanctions, and the record. The Court ORDERS:

1. Plaintiff's request for expedited consideration on September 22, 2026, without oral argument is GRANTED / DENIED.

2. ECF Nos. 18, 19, and 20 are STRICKEN / NOT STRICKEN.

3. The Court finds that mailing the papers to Plaintiff's former address did not constitute service at Plaintiff's last known address under Fed. R. Civ. P. 5(b)(2)(C).

4. Plaintiff's existing responsive filings are deemed timely and fully preserved. No factual contention shall be treated as admitted or conceded solely because of a procedural deficiency attributable to the defective service.

5. The existing summary-judgment schedule remains in effect and is not extended by this Order.

6. Defendant's counsel shall use Plaintiff's address of record, 9910 Appleway Blvd., Unit D207, Spokane Valley, WA 99206, for all future paper service and shall ensure that any declaration or certificate of service accurately identifies the method and destination of service.

7. Sanctions under LCivR 83.3(k)(1)(C): GRANTED / DENIED. If granted, the sanction imposed is: ______________________________________________.

IT IS SO ORDERED. DATED this ____ day of _________________, 2026.

_________________________________

STANLEY A. BASTIAN
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Civil Docket Sheet — Case No. 2:26-cv-00187-SAB

LC03

# U.S. District Court
# Eastern District of Washington (Spokane)
# CIVIL DOCKET FOR CASE #: 2:26-cv-00187-SAB

Khurana v. Lincoln National Life Insurance Company
Assigned to: Chief Judge Stanley A Bastian
Cause: 29:1132 E.R.I.S.A.: Civil Enforcement of Employee Benefits

Date Filed: 04/23/2026
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**Praveen K Khurana**

represented by **Praveen K Khurana**
9910 Appleway Blvd
Unit D207
Spokane, WA 99206
208-413-0165
PRO SE

V.

**Defendant**

**Lincoln National Life Insurance Company**
*doing business as*
Lincoln Financial Group

represented by **Andrew M Schpak**
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, OR 97204
503-276-2156
Email: aschpak@barran.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Iwana Rademaekers**
Law Firm of Iwana Rademaekers
17304 Preston Rd
Suite 800
Dallas, TX 75252
214-579-9319
Fax: 469-444-6456
Email: iwana@rademaekerslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2026 | 20 | MEMORANDUM in Opposition re 13 MOTION for Summary Judgment filed by Lincoln National Life Insurance Company. (Attachments: # 1 Declaration in Support) |

| | | |
|---|---|---|
| | | (Rademaekers, Iwana) (Entered: 08/24/2026) |
| 08/24/2026 | 19 | STATEMENT OF *Material* FACTS re 18 MOTION for Summary Judgment *on the Administrative Record and Opposition to Plaintiff's Motion for Summary Judgment* filed by Lincoln National Life Insurance Company. (Rademaekers, Iwana) (Entered: 08/24/2026) |
| 08/24/2026 | 18 | MOTION for Summary Judgment *on the Administrative Record and Opposition to Plaintiff's Motion for Summary Judgment* by Lincoln National Life Insurance Company. Motion Hearing set for **10/13/2026** Without Oral Argument before Chief Judge Stanley A Bastian. (Attachments: # 1 Declaration in Support)(Rademaekers, Iwana) (Entered: 08/24/2026) |
| 08/24/2026 | 17 | Administrative Record by Defendant Lincoln National Life Insurance Company. (Attachments: # 1 Exhibit 1, Group Disability Income Policy and Certificate, # 2 Exhibit 2, Benefit Decision Letter, # 3 Exhibit 3, Administrative Record)(Rademaekers, Iwana) (Entered: 08/24/2026) |
| 08/05/2026 | | Motion Hearing re 13 MOTION for Summary Judgment is reset for **9/22/2026** Without Oral Argument before **Chief Judge Stanley A Bastian**. (LAS, DQA) (Entered: 08/05/2026) |
| 08/05/2026 | 16 | Clerk's ORDER OF RANDOM REASSIGNMENT. Chief Judge Stanley A Bastian assigned to case. TEXT-ONLY ENTRY; NO PDF DOCUMENT WILL ISSUE. This text-only entry constitutes the order or notice by the Court. (LAS, DQA) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 08/05/2026) |
| 08/04/2026 | 15 | Clerk's Notice of Assignment to United States Magistrate Judge and Declination of Consent Form. **Please Note: Declination of Consent Forms are not to be electronically filed with the Court.** Parties wishing to decline consent of this assignment must complete and return the attached Declination of Consent Form to the Clerk of Court by the Case Management Deadline set for 8/14/2026. (LAS, DQA) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 08/04/2026) |
| 08/04/2026 | 14 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Alexander C Ekstrom for all further proceedings. Judge Thomas O. Rice no longer assigned to case Text-only entry - no PDF document will issue. This text-only entry constitutes the order or notice on the matter by the Court. Signed by Chief Judge Stanley A Bastian. (RG, Chief Deputy) (Service of Notice on parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 08/04/2026) |
| 08/03/2026 | 13 | MOTION for Summary Judgment by Praveen K Khurana. Motion Hearing set for **9/22/2026** Without Oral Argument before Judge Thomas O. Rice. (Attachments: # 1 Attachments Table of Contents, # 2 Statement of Material Facts, # 3 Memorandum of Points and Authorities, # 4 Appendix A, # 5 Appendix B, # 6 Appendix C, # 7 Certificate of Service)(DRB, Case Administrator) (Entered: 08/03/2026) |
| 07/17/2026 | 12 | NOTICE of Change of Address by Praveen K Khurana. (Attachments: # 1 Envelope) (DRB, Case Administrator) (Entered: 07/17/2026) |
| 07/16/2026 | 11 | Rule 26 / Rule 16 Attorney Report by Lincoln National Life Insurance Company. (Rademaekers, Iwana) (Entered: 07/16/2026) |
| 06/05/2026 | 10 | ORDER DIRECTING PARTIES TO FILE A RULE 26 JOINT STATUS REPORT. Signed by Judge Thomas O. Rice. (LTR, Courtroom Deputy) (Service of Notice on |

| | | |
|---|---|---|
| | | parties not registered as users of the Court CM/ECF system accomplished via USPS mail.) (Entered: 06/05/2026) |
| 05/26/2026 | 9 | ORDER granting 7 Motion for Leave to Appear Pro Hac Vice. Attorney Iwana Rademaekers added for Lincoln National Life Insurance Company. Signed by Judge Thomas O. Rice. TEXT ONLY ORDER; NO PDF WILL ISSUE. (LMG, Law Clerk) (Entered: 05/26/2026) |
| 05/19/2026 | 8 | DECLARATION by Iwana Rademaekers in Support re 7 MOTION to Appear Pro Hac Vice re Attorney: Iwana Rademaekers. Filing fee $ 200, receipt number AWAEDC-5002097. filed by Lincoln National Life Insurance Company. (Schpak, Andrew) (Entered: 05/19/2026) |
| 05/19/2026 | 7 | MOTION to Appear Pro Hac Vice re Attorney: Iwana Rademaekers. Filing fee $ 200, receipt number AWAEDC-5002097. by Lincoln National Life Insurance Company. Motion Hearing set for **6/18/2026** Without Oral Argument before Judge Thomas O. Rice. (Attachments: # 1 Text of Proposed Order Proposed Order)(Schpak, Andrew) (Entered: 05/19/2026) |
| 05/18/2026 | 6 | NOTICE of Change of Address updated pursuant to the Complaint at ECF No 1 upon a phone call from the Plaintiff. New address: 108 S. Jefferson Street, Apt. 307, Spokane, WA 99201. The Court sent a courtesy copy of ECF No 4 to the plaintiff. (CLP, Operations Supervisor) (Entered: 05/18/2026) |
| 05/18/2026 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT by Lincoln National Life Insurance Company. (Schpak, Andrew) (Entered: 05/18/2026) |
| 05/18/2026 | 4 | ANSWER to Complaint *and Affirmative Defenses* by Lincoln National Life Insurance Company.(Attorney Andrew M Schpak added to party Lincoln National Life Insurance Company(pty:dft))(Schpak, Andrew) (Entered: 05/18/2026) |
| 05/04/2026 | 3 | PROOF OF SERVICE by Praveen K Khurana re Lincoln National Life Insurance Company. (Attachments: # 1 Envelope) (DRB, Case Administrator) (Entered: 05/04/2026) |
| 04/23/2026 | 2 | Summons Issued as to Lincoln National Life Insurance Company. (DRB, Case Administrator) (Entered: 04/24/2026) |
| 04/23/2026 | 1 | COMPLAINT against Lincoln National Life Insurance Company (Filing Fee $405, Receipt # 44687) Filed by Praveen K Khurana. (Attachment # 1 Civil Cover Sheet) (DRB, Case Administrator). (Entered: 04/24/2026) |

# EXHIBIT A — CONTINUED

Docket entries showing ECF Nos. 12, 18, and 19

# EXHIBIT B

ECF No. 12 — Notice of Change of Address, filed July 17, 2026

**Praveen K. Khurana**
Plaintiff, Pro Se
9910 Appleway Blvd., Unit D207
Spokane Valley, WA 99206
Email: matman00us@yahoo.com, 208-413-0165

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**PRAVEEN K. KHURANA,**
Plaintiff,

v. Case No. **2:26-cv-00187-TOR**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
d/b/a Lincoln Financial Group,

Defendant.

**NOTICE OF CHANGE OF ADDRESS**

TO THE CLERK OF COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff, **Praveen K. Khurana**, has changed his mailing address.

Effective immediately, Plaintiff's current mailing address is:

**Praveen K. Khurana**
9910 Appleway Blvd., Unit D207
Spokane Valley, WA 99206

Email: **matman00us@yahoo.com**

Plaintiff respectfully requests that the Clerk of Court update the Court's records and that all future notices, orders, pleadings, and correspondence be sent to the above address.

DATED this 14th day of July, 2026.

Respectfully submitted,

**Praveen K. Khurana**
Plaintiff, Pro Se
9910 Appleway Blvd., Unit D207
Spokane Valley, WA 99206
Email: matman00us@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of July, 2026, I served a true and correct copy of the foregoing **Notice of Change of Address** by electronic mail upon counsel for Defendant:

**Andrew Schpak**
Barran Liebman LLP
601 SW 2nd Avenue, Suite 2300
Portland, OR 97204
Email: aschpak@barran.com

and

**Iwana Rademaekers**
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Email: iwana@rademaekerslaw.com

______________________________

Praveen Khurana

P. KHURANA
9910 APPLEWAY BLVD, D207
SPOKANE VALLEY, WA, 99206

SPOKANE WA 990
14 JUL 2026 PM 1 L

Freedom 250
FOREVER

CLERK OF COURT
UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF WA
TOM FOLEY BUILDING
920 W. RIVERSIDE AVE, #840
SPOKANE, WA, 99201

RECEIVED
JUL 17 2026
CLERK, U.S. DISTRICT COURT
SPOKANE, WA

99201-101315

# EXHIBIT C

July 14, 2026 Email to Defendant's Counsel — Direct Notice of Change of Address

## Notice - change of address

From: Praveen Khurana (matman00us@yahoo.com)
To: iwana@rademaekerslaw.com; aschpak@barran.com
Date: Tuesday, July 14, 2026 at 10:28 AM PDT

Sent from Yahoo Mail for iPhone

Change of address.pdf
642.2

# EXHIBIT D

Defendant's Declaration of Service — ECF No. 18

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of July, 2026, I served a true and correct copy of the foregoing **Notice of Change of Address** by electronic mail upon counsel for Defendant:

**Andrew Schpak**
Barran Liebman LLP
601 SW 2nd Avenue, Suite 2300
Portland, OR 97204
Email: aschpak@barran.com

and

**Iwana Rademaekers**
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, TX 75252
Email: iwana@rademaekerslaw.com

Praveen Khurana

# EXHIBIT E

Defendant's Declaration of Service — ECF No. ~~19~~ 18 (PK)

BARRAN LIEBMAN LLP

By s/ Andrew Schpak
Andrew Schpak, WSBA#39901
ASchpak@barran.com

ATTORNEYS FOR DEFENDANT

**DECLARATION OF SERVICE**

I hereby certify that on August 24, 2026, I served the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT via Electronic Mail on the following party:

Praveen K. Khurana
PO Box 19519
Spokane, WA 99216
PRO SE

s/ Iwana Rademaekers
Iwana Rademaekers



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

# EXHIBIT E

Defendant's Declaration of Service — ECF No. 19

BARRAN LIEBMAN LLP

By _s/ Andrew Schpak_
Andrew Schpak, WSBA#39901
ASchpak@barran.com

ATTORNEYS FOR DEFENDANT

**DECLARATION OF SERVICE**

I hereby certify that on August 24, 2026, I served the foregoing DEFENDANT'S SUBMISSION OF ADMINISTRATIVE RECORD via Electronic Mail on the following party:

Praveen K. Khurana
PO Box 19519
Spokane, WA 99216
PRO SE

_s/ Iwana Rademaekers_
Iwana Rademaekers



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456

# EXHIBIT F

Defendant's Declaration of Service — ECF No. 20

BARRAN LIEBMAN LLP

By *s/ Andrew Schpak*
Andrew Schpak, WSBA#39901
ASchpak@barran.com

ATTORNEYS FOR DEFENDANT

**DECLARATION OF SERVICE**

I hereby certify that on August 24, 2026, I served the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT via Electronic Mail on the following party:

Praveen K. Khurana
PO Box 19519
Spokane, WA 99216
PRO SE

*s/ Iwana Rademaekers*
Iwana Rademaekers



LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone (214) 579-9319 Fax (469) 444-6456