Praveen K. Khurana
Plaintiff, Pro Se
9910 Appleway Blvd., Unit D207
Spokane Valley, WA 99206
Telephone: (208) 413-0165
Email: matman00us@yahoo.com

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SEP 08 2026
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT SPOKANE**

| | |
|---|---|
| PRAVEEN K. KHURANA,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **Case No. 2:26-cv-00187-SAB**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ECF NOS. 18, 19, AND 20, OR FOR ALTERNATIVE CURATIVE RELIEF AND SANCTIONS** |

Plaintiff Praveen K. Khurana, appearing pro se, submits this Reply to Defendant's Response at ECF No. 25. Plaintiff maintains the relief requested in his Motion to Strike. Defendant's Response now confirms the central factual premise of Plaintiff's motion: the August 24, 2026 service was defective. Defendant admits that counsel used Plaintiff's incorrect address because of an inadvertent clerical error caused by copying and pasting a certificate of service from an earlier pleading, and further admits that the August 24 filings were not emailed to Plaintiff.

## I. DEFENDANT HAS ADMITTED THE ORIGINAL SERVICE DEFECT

There is no longer a factual dispute as to whether the August 24 service was defective. Defendant acknowledges that ECF Nos. 18, 19, and 20 were associated with Plaintiff's superseded address and were not emailed to him. Defendant states that it learned of the problem after Plaintiff filed his Motion to Strike and thereafter filed an Amended Certificate of Service and sent corrective copies by email and overnight delivery.

Plaintiff acknowledges receipt of the corrective communications and does not contend that the defect is continuing prospectively. That subsequent action, however, does not make the original August 24 service proper or erase the consequences of the admitted defect.

## II. CORRECTIVE SERVICE DOES NOT RETROACTIVELY ELIMINATE PREJUDICE

Defendant argues that Plaintiff suffered no prejudice because Plaintiff nevertheless filed his responsive papers on September 1, 2026. Plaintiff respectfully disagrees. Plaintiff's diligence in obtaining the filings, preparing responses, and protecting his rights despite defective service should not be transformed into a finding that the defect caused no prejudice.

Defendant had the benefit of the time afforded to it to prepare its August 24 filings. Plaintiff did not agree that Defendant could receive additional time while Plaintiff would lose a corresponding portion of the period available to receive, review, and respond to Defendant's filings. Corrective service after Plaintiff brought the defect to the Court's attention cannot retroactively restore the time that was lost.

Plaintiff further states that Defendant previously received approximately thirteen additional days in connection with its filing schedule, to which Plaintiff did not agree. Plaintiff does not rely on that circumstance as an independent basis for sanctions, but it underscores why Plaintiff disputes Defendant's assertion that the later cure left the parties in precisely the same procedural position. Plaintiff asks the Court to consider the actual docket and scheduling orders in evaluating this point.

## III. PLAINTIFF MAINTAINS HIS ORIGINAL REQUEST, WHILE RECOGNIZING THE COURT'S DISCRETION

Plaintiff respectfully maintains his request that ECF Nos. 18, 19, and 20 be stricken or disregarded because the filings were not properly served when filed. Plaintiff has not consented to withdrawal of that requested relief merely because Defendant later corrected service.

At the same time, Plaintiff recognizes that the appropriate remedy rests within the Court's discretion. If the Court determines that striking ECF Nos. 18, 19, and 20 is not warranted, Plaintiff respectfully requests the alternative curative relief stated in his original motion: a finding that the original service was defective; preservation of all of Plaintiff's responses, objections, and arguments; no waiver, admission, concession, or adverse procedural consequence arising from the service defect; and resolution of the summary-judgment issues from the administrative record and governing law rather than from any procedural default attributed to Plaintiff.

## IV. PLAINTIFF DOES NOT SEEK DELAY

Plaintiff does not seek an extension or postponement of the pending summary-judgment proceedings. He asks that the existing schedule be preserved. Defendant's corrective service should not be used to enlarge

Defendant's time or to reduce Plaintiff's rights. The service dispute can be resolved without delaying adjudication of the merits.

Defendant's counsel has apologized and offered to reimburse certain downloading or printing expenses. Plaintiff appreciates the corrective action. Plaintiff nevertheless maintains that his motion was warranted when filed. Plaintiff leaves the question of sanctions or any other remedial measure to the Court's discretion and does not seek to allow the sanctions issue to overshadow determination of the merits.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant his original request to strike or disregard ECF Nos. 18, 19, and 20. In the alternative, Plaintiff requests that the Court find the original service defective, deem the defect cured only prospectively upon proper corrective service, preserve all of Plaintiff's substantive and procedural rights, impose no waiver, admission, concession, or adverse procedural consequence upon Plaintiff arising from the defective service, preserve the existing summary-judgment schedule without delay, and grant such other relief, including any appropriate remedial measure, as the Court deems just.

DATED this 3rd day of September, 2026.

PRAVEEN K. KHURANA

Plaintiff, Pro Se

9910 Appleway Blvd., Unit D207

Spokane Valley, WA 99206

Telephone: (208) 413-0165

Email: matman00us@yahoo.com