FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 24, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRAVEEN K. KHURANA,<br>Plaintiff,<br>v.<br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, dba Lincoln Financial Group,<br>Defendant. | No. 2:26-CV-00187-SAB<br><br>**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, Defendant's Motion for Summary Judgment, ECF No. 18, and Plaintiff's Motion to Strike, ECF No. 23. Plaintiff is representing himself in the matter. Defendant is represented by Andrew M. Schpak and Iwana Rademaekers. The Motions were considered without oral argument.

As a preliminary matter, Plaintiff requests the Court strike Defendant's Motion for Summary Judgment and related filings due to service defects. It appears the service defect was quickly identified and corrected, and Plaintiff filed his responsive materials several weeks prior to the deadlines. Plaintiff fails to identify any real prejudice suffered as a result of the temporary defect, and striking the pleadings or entering an adverse decision against Defendant would be disproportionate remedies. Accordingly, the Court **denies** Plaintiff's Motion to Strike.

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) and seeks judicial review of Defendant's denial of Plaintiff's claim for long-term disability (LTD) benefits under Plaintiff's prior employer's Policy through Defendant. Because this action seeks benefits under 29 U.S.C. § 1132(a)(1)(B), judicial review is confined to the Administrative Record (AR).

The parties have filed cross-motions for summary judgment. Plaintiff asserts the Court should enter judgment in his favor because the AR does not support Defendant's determination that his disability began on April 13, 2024, the day after he was fired, as opposed to October 28, 2023, when he was still covered by the LTD plan. Defendant asserts it is entitled to summary judgment as (1) Plaintiff failed to exhaust his administrative remedies before bringing this action, and (2) in the alternative, a reasoned basis exists in the record for Defendant to deny benefits to Plaintiff.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Plaintiff was employed by Ryder System, Inc. (Ryder) beginning on April 19, 2023. Plaintiff participated in Ryder's LTD plan administered by Defendant. The plan provides: "For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage."

In October of 2023, Plaintiff left Ryder on short-term disability leave and returned in March of 2024. On April 12, 2024, he was terminated for cause. Shortly thereafter, Plaintiff filed a claim for LTD benefits, which was denied.

Defendant's claim records identify Plaintiff's last day worked as April 12, 2024, and Plaintiff's disability date as April 13, 2024. The claim cover sheet lists the claim status as "Denied" and the status reason as "Contractual Denial/Other." Defendant's internal claim notes dated June 7, 2024, states that Ryder confirmed Plaintiff's employment ended on April 12, 2024, and recommended denial because

Plaintiff was "terminated prior to DOD" (date of disability). Defendant's records reflect that the denial letter was issued on June 10, 2024.

Plaintiffs wishing to challenge a denial of benefits under ERISA must exhaust their administrative remedies and "avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agr. Emp. Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995) The relevant policy documents and denial letter specifically instruct Plaintiff that any "written request for review must be sent [to Defendant] within 180 days from the receipt of [a denial] and state the reasons [Plaintiff] feels his claim should not have been denied," in addition to pertinent documentation. Once the appeal packet is submitted, Defendant conducts an internal review of the request and supporting documentation and issues a decision. If the appeal results in the same denial of benefits, individuals can then seek review by a federal court. *Id*. Accordingly, to effectively exhaust his administrative remedies, Plaintiff needed to provide Defendant with the entire appeal packet within 180 days from the date of the denial letter.

On August 26, 2024, Plaintiff's attorney at the time sent a letter notifying Defendant of Plaintiff's intent to appeal the denial of LTD benefits and requested Defendant hold off on re-evaluating the claim until the entire appeal packet was filed. However, beyond the letter, nothing was filed within the 180-day appeal timeframe. A letter of this nature is insufficient to stop the clock on appellate deadlines. *See e.g., Werner v. Liberty Life Assur. Co.*, 336 Fed. Appx. 676, 677 (9th Cir. 2009). As Plaintiff failed to submit his full appeal packet on time, he failed to exhaust his administrative remedies. Plaintiff provides no basis for the Court to waive the exhaustion requirement. Accordingly, the Court declines to consider the merits of Plaintiff's Motion, and grants summary judgment in favor of Defendant.

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

3. Plaintiff's Motion to Strike, ECF No. 23, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, enter judgment in favor of Defendant, and **close** the file.

**DATED** this 24th day of November 2026.

Stan Bastian
Chief United States District Judge